# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION, et al.,<br><br>            Defendants. | 1:16-cv-344-LJO-JLT<br><br>**ORDER ON HEARING REGARDING TEMPORARY RESTRAINING ORDER** |

The Court held a hearing on March 15, 2016, regarding the Temporary Restraining Order ("TRO") issued on March 11, 2016. Doc. 10.   Counsel John Bulgozdy, Manual Vasquez, and Matthew Montgomery appeared on behalf of Plaintiff. Counsel Scott Vick appeared on behalf of Defendants. Pursuant to the Court's discussion with the parties, a review of all papers that were submitted, and rulings made at the hearing, the Court ORDERS:

1. The TRO remains in full force and effect until April 8, 2016 (except as modified by this Order) or until a preliminary injunction issues, whichever is earlier, as stipulated to by the parties at the hearing.

2. The Court will hold a hearing on converting the TRO into a Preliminary Injunction on April 1, 2016, at 8:30A.M. in Department 4 (LJO) at the Robert E. Coyle Federal Courthouse, 2500 Tulare, Fresno, CA 93721. Defendants shall file any opposition by noon on March 24, 2016. Plaintiff shall file any reply by 4:00 P.M. on March 29, 2016. Each side shall have a maximum of three hours for presentation of evidence and argument at the hearing. If either party intends to present witness testimony at the hearing, or if Defendant intends to cross-examine Plaintiff's declaration witnesses, they shall inform opposing counsel of their intent to do so by noon on March 30, 2016, and shall provide the names of the witnesses and offers of proof. The proffer of any declaration shall be responsible to have that witness at the hearing if proper notice is given for the opportunity to cross examine.

3. Defendants Daniel Nase and Margarita Nase are permitted to use <u>personal</u> credit cards for their <u>personal</u> expenses. Any personal credit card used must bear <u>only</u> Mr. and/or Mrs.

Nase's name.

4. The Court appoints David P. Stapleton as a temporary receiver for the purpose of maintaining the status quo of the businesses associated with this lawsuit, *i.e.*, ensuring that those businesses receive and make payments in the ordinary course of business. Mr. Stapleton is permitted to incur a maximum of $30,000 in fees for his services as temporary receiver, a cost to be borne by the Defendant companies affected by rulings in this suit.

5. Target Oil shall inform Kern Oil that any of its requests dealing with deposits and/or payments made by Target Oil on or since March 11, 2016, is withdrawn, and that Kern Oil shall continue its usual process of doing business with Target Oil as established by past business practices in the normal course of those business dealings.

6. Plaintiff is permitted to conduct three depositions prior to the April 1st hearing. The total length of all depositions combined shall not exceed eight hours. Plaintiff shall provide Defendant three days' notice of any deposition, and the depositions, absent stipulation to the contrary, shall be completed in one calendar day—the same day.

7. As agreed to at the hearing on March 15th without objection, Mr. Nase shall return the approximately $60,000 he withdrew on or since March 11, 2016. He shall return the same amounts into the same accounts from which they were withdrawn, and shall immediately provide confirmation of doing so to counsel for Plaintiff.

8. By March 25, 2016, Mr. Nase shall provide Plaintiff with a full accounting of all businesses related to this lawsuit for January 1, 2016, through March 15, 2016.

IT IS SO ORDERED.

Dated:  **March 15, 2016**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

2