JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
MANUEL VAZQUEZ (Cal. Bar No. 295576)
Email: vazquezm@sec.gov
MATTHEW T. MONTGOMERY (Cal. Bar No. 260149)
Email: montgomerym@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Dabney O'Riordan, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>　　　　Defendants,<br><br>BIC SOLO 401K TRUST and MARGARITA NASE,<br><br>　　　　Relief Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>**STIPULATED PRELIMINARY INJUNCTION AND ORDERS (1) FREEZING ASSETS, AND (2) APPOINTING A PERMANENT RECEIVER** |

This matter is before the Court on the stipulation of plaintiff Securities and Exchange Commission ("SEC") and Defendants BIC Real Estate Development Corporation ("BIC") and Daniel R. Nase, individually and doing business as Bakersfield Investment Club, and Relief Defendants BIC Solo 401k Trust and Margarita Nase, to the entry of a preliminary injunctions, appointment of a permanent receiver, and other provisions stated herein.  Upon the agreement of the parties and for good cause shown,

## I.

IT IS HEREBY ORDERED that Defendants BIC Real Estate Development Corporation and Daniel R. Nase, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of

the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## II.

IT IS FURTHER ORDERED that Defendants BIC Real Estate Development Corporation and Daniel R. Nase, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants BIC Real Estate Development Corporation and Daniel R. Nase, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants BIC Real Estate Development Corporation and Daniel R. Nase, and Relief Defendants BIC Solo 401k Trust and Margarita Nase, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief Defendants, or their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for

1  necessary and reasonable living expenses to be granted only upon good cause shown
2  by application to the Court with notice to and an opportunity for the SEC to be heard)
3  in all accounts at any bank, financial institution or brokerage firm, or third-payment
4  payment processor, all certificates of deposit, and other funds or assets, held in the
5  name of, for the benefit of, or over which account authority is held by Defendants
6  BIC Real Estate Development Corporation and Daniel R. Nase and/or Relief
7  Defendants BIC Solo 401k Trust and Margarita Nase, including but not limited to the
8  accounts listed below:

| BANK OR FINANCIAL INSTITUTION NAME | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|
| Wells Fargo Bank, N.A. | BIC Real Estate Development | xxxxxx9425 |
| Wells Fargo Bank, N.A. | Daniel Nase d/b/a Bakersfield Investment Club | xxxxxx2516 |
| Wells Fargo Bank, N.A. | Tier 1 Solar Power Company | xxxxxx5320 |
| Wells Fargo Bank, N.A. | WM Petroleum | xxxxxx1609 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Margarita L Nase | xxxxxx4058 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Margarita L Nase | xxxxxx4066 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Margarita L Nase | xxxxxx4074 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Margarita L Nase | xxxxxx3977 |
| Wells Fargo Bank, N.A. | BIC Solo 401K Trust and Margarita Argueta | xxxxxx5874 |
| Kern Schools Federal Credit Union | Daniel Nase<br>Margarita Lizett Nase | xxxxxx870 |
| Kern Schools Federal Credit Union | Daniel Nase<br>Margarita Lizett Nase | xxxxxx9026 |
| Rabobank, N.A. | Property Management of Bakersfield and Margarita Nase | xxxxx7412 |
| Wells Fargo Bank, N.A. | Daniel Nase dba Bakersfield Investment Club | xxxxxx0990 |
| Wells Fargo Bank, N.A. | Daniel Nase | xxxxxxxxxxxx4076 |
| Wells Fargo Bank, N.A. | BIC Real Estate Development Corporation Daniel Nase | xxxxxxxxxxx7531 |
| Wells Fargo Bank, N.A. | Los Angeles Investment Club | xxxxxx2425 |

|  |  |  |
|---|---|---|
|  | Daniel Nase |  |
| Wells Fargo Bank, N.A. | WM Petroleum | xxxxxx3254 |
| Wells Fargo Bank, N.A. | Tier 1 Solar Power Company | xxxxxx7698 |
| Wells Fargo Bank, N.A. | San Diego County Investment Club<br>Kenneth L Potter<br>Daniel Nase | xxxxxx0720 |
| Wells Fargo Bank, N.A. | Ferndale Investment Club<br>Marsie J. Sherwood<br>Daniel E Nase | xxxxxx8297 |
| Wells Fargo Bank, N.A. | Ferndale Investment Club<br>Marsie J. Sherwood<br>Daniel E Nase | xxxxxx0971 |
| Wells Fargo Bank, N.A. | Los Angeles Investment Club<br>Daniel Nase | xxxxxx7618 |
| Wells Fargo Bank, N.A. | San Diego County Investment Club<br>Kenneth L Potter<br>Daniel Nase | xxxxxx1405 |
| Wells Fargo Bank, N.A. | Daniel Nase dba Los Angeles Investment Club | xxxxxx7618 |
| Wells Fargo Bank, N.A. | Bakersfield Real Estate Investors Brokerage<br>Daniel Nase<br>Gregory Lane | xxxxxx0897 |
| Wells Fargo Bank, N.A. | Bakersfield Real Estate Investors Brokerage<br>Daniel Nase | xxxxxx1617 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Kenneth M. Cooper<br>Melissa A. Cooper | xxxxxx3413 |
| Wells Fargo Bank, N.A. | Daniel Nase<br>Kenneth M. Cooper<br>Melissa A. Cooper | xxxxxx7323 |
| Bank of the West | Home Sweet Holdings dba Property Management of Bakersfield | xxx-xx2636 |
| Bank of the West | Home Sweet Holdings dba Property Management of Bakersfield | xxx-xx9717 |
| Lendingclub.com | Daniel R. Nase | xxx1059 |
| Lendingclub.com | Daniel R. Nase | xxx0179 |
| Lendingclub.com | BIC Real Estate Development Corp. | xxxx7613 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

5


## VI.

IT IS FURTHER ORDERED that Defendants may use $50,000 of the equity of the property located at 1117 Adelaide, Bakersfield, California, for legal fees; provided that if the property needs to be sold to provide such funds, that the sale terms shall be subject to the stipulation and approval of the SEC and the permanent receiver, and that any monies in excess of $50,000 shall be deposited with the permanent receiver.

## VII.

IT IS FURTHER ORDERRED that Defendant Daniel R. Nase will, no later than April 16, 2016, provide documentation sufficient to support a request for $5,000 a month in living expenses to be drawn solely from the funds available in his account at Wells Fargo ending in 4058; and documentation sufficient to support a finding that such funds are not the proceeds of any fraudulent activity. To the extent such showing is made to the satisfaction of the Court and subject to such further order as is appropriate, Defendant Nase may use such funds as are available in his Wells Fargo account ending in 4058 for monthly living expenses, up to the amount of funds in that account that are not otherwise identified as proceeds of any fraudulent activity.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

| |
|---|
| 3205 Mesa Drive, Bakersfield, CA |
| 2935 Shelly, Bakersfield, CA |
| 2013 Pictoria Drive, Bakersfield, CA |
| 343 Ray Street, Bakersfield, CA |
| 400 Stirrup Avenue, Bakersfield, CA |
| 2006 South I Street, Bakersfield, CA |
| 8100 Lexington Avenue, Bakersfield, CA |
| 3509 Meeks Avenue, Bakersfield, CA |
| 1420 Canyon Court, Bakersfield, CA |
| 8321 Pioneer Drive, Bakersfield, CA |

| | |
|---|---|
| 1 | 2101 Fairfax Road, Bakersfield, CA |
| 2 | 1504 Flower Street, Bakersfield, CA |
| | 2612 Security Avenue, Bakersfield, CA |
| 3 | 2501 Lake Street, Bakersfield, CA |
| 4 | 137 Bendix Street, Bakersfield, CA |
| | 3324 Gardenia Avenue, Bakersfield, CA |
| 5 | 912 Meadows Street, Bakersfield, CA |
| 6 | 1317 Wilson Avenue, Bakersfield, CA |
| | 533 Stephens Drive, Bakersfield, CA |
| 7 | 1200 El Tejon Avenue, Bakersfield, CA |
| 8 | 2126 Kentucky Street, Bakersfield, CA |
| | 1401 Oneill Avenue, Bakersfield, CA |
| 9 | 137 North Stine Road, Bakersfield, CA |
| 10 | 1509 West Drive, Bakersfield, CA |
| 11 | 1413 Penny Street, Bakersfield, CA |
| | 137 Dunlap Street, Bakersfield, CA |
| 12 | 2004 Quincy Street, Bakersfield, CA |
| 13 | 3217 Idaho Street, Bakersfield, CA |
| | 940 Beaver Rise Drive, Bakersfield, CA |
| 14 | 212 E. Roberts Lane, Bakersfield, CA |
| 15 | 410 Minner Avenue, Bakersfield, Ca |
| | 1300 Castaic Avenue, Bakersfield, CA |
| 16 | 2813 Blade Avenue, Bakersfield, CA |
| 17 | 409 Villa Street, Bakersfield, CA |
| 18 | 5101 Dunsmuir Road, Bakersfield, CA |
| | 3409 Monterey Street, Bakersfield, CA |
| 19 | 2617 Aberdeen Court, Bakersfield, CA |
| 20 | 8304 Orange Blossom, Bakersfield, CA |
| | 3101 Idaho Street, Bakersfield, CA |
| 21 | 2309 Elton Avenue, Bakersfield, CA |
| 22 | 8913 Lanora Avenue, Bakersfield, CA |
| | 5201 Dunsmuir Road, Bakersfield, CA |
| 23 | 3418 Gardenia Avenue, Bakersfield, CA |
| 24 | 1108 Wilson Avenue, Bakersfield, CA |
| | 308 Camwood, Bakersfield, CA |
| 25 | 1705 Doolittle Avenue, Bakersfield, Ca |
| 26 | 609 Myrtle Street, Bakersfield, CA |
| | 3724 Verdugo Lane, Bakersfield, CA |
| 27 | 3009 River Boulevard, Bakersfield, CA |
| 28 | 1137 Mornington Avenue, Bakersfield, CA |

| |
|---|
| 9633 Staffordshire Way, Bakersfield, CA |
| 3708 Stokes, Bakersfield, CA |
| 715 Arvin Street, Bakersfield, CA |
| 4216 Milo Avenue, Bakersfield, CA |
| 8616 Butternut Avenue, Bakersfield, CA |
| 11200 Cave Avenue, Bakersfield, CA |
| 5612 Via Venezia, Bakersfield, CA |
| 15025 Colonia De Las Rosas, Bakersfield, CA |
| 4701 Cypress Glen Ave., Bakersfield, CA |
| 9148 Acabar Court, Bakersfield, CA |
| 5301 Peppertree Lane, Bakersfield, CA |
| 1024 Bernard Street, Bakersfield, CA |
| 1511 West Drive, Bakersfield, CA |

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants BIC Solo 401k Trust and Margarita Nase, and Relief Defendants BIC Solo 401k Trust and Margarita Nase, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants BIC Real Estate Development Corporation and Daniel R. Nase and Relief Defendants BIC Solo 401k Trust and Margarita Nase.

## X.

IT IS FURTHER ORDERED that David Stapleton is appointed as permanent receiver of Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company, Tier 1 Solar Power Company, LLC; and Home Sweet Holdings, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant BIC Real Estate Development Corporation, and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendant BIC Real Estate Development Corporation property, and that of its subsidiaries and affiliates;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Defendant BIC Real Estate Development Corporation, and its subsidiaries and affiliates, or which maintains accounts over which Defendant BIC Real Estate Development

9

1   Corporation, and its subsidiaries and affiliates, and/or any of its
2   employees or agents have signatory authority;
3   C.   to conduct such investigation and discovery as may be necessary to
4        locate and account for all of the assets of or managed by Defendant BIC
5        Real Estate Development Corporation and its subsidiaries and affiliates,
6        and to engage and employ attorneys, accountants and other persons to
7        assist in such investigation and discovery;
8   D.   to take such action as is necessary and appropriate to preserve and take
9        control of and to prevent the dissipation, concealment, or disposition of
10       any assets of or managed by Defendant BIC Real Estate Development
11       Corporation, and its subsidiaries and affiliates;
12  E.   to make an accounting, as soon as practicable, to this Court and the SEC
13       of the assets and financial condition of Defendant BIC Real Estate
14       Development Corporation and to file the accounting with the Court and
15       deliver copies thereof to all parties;
16  F.   to make such payments and disbursements from the funds and assets
17       taken into custody, control, and possession or thereafter received by him
18       or her, and to incur, or authorize the making of, such agreements as may
19       be necessary and advisable in discharging his or her duties as permanent
20       receiver;
21  G.   to employ attorneys, accountants, and others to investigate and, where
22       appropriate, to institute, pursue, and prosecute all claims and causes of
23       action of whatever kind and nature which may now or hereafter exist as
24       a result of the activities of present or past employees or agents of
25       Defendant BIC Real Estate Development Corporation, and its
26       subsidiaries and affiliates; and
27  H.   to have access to and monitor all mail, electronic mail, and video phone
28       of the entities in receivership in order to review such mail, electronic

mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as permanent receiver.

## XI.

IT IS FURTHER ORDERED that Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## XII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant BIC Real Estate Development Corporation shall take any action or purport to take any action, in the name of or on behalf of Defendant BIC Real Estate Development Corporation without the written consent of the permanent receiver or order of this Court.

## XIII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities over whom/which the Court has jurisdiction, seeking relief of any kind, in law or in equity, from Defendant BIC Real Estate Development Corporation, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action

               by the government) against any of them;

B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant BIC Real Estate Development Corporation; and

C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant BIC Real Estate Development Corporation, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XIV.

IT IS FURTHER ORDERED that Defendant BIC Real Estate Development Corporation, and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XV.

IT IS FURTHER ORDERED that Defendant BIC Real Estate Development Corporation, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties

described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XVI.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

### XVII.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant BIC Real Estate Development Corporation, and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XVIII.

IT IS FURTHER ORDERED that the parties may continue to take discovery using third-party subpoenas issued pursuant to the Federal Rules of Civil Procedure.

### XIX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and

decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## CONCLUSION AND ORDER

IT IS SO ORDERED.

Dated:   **April 8, 2016**               /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE