UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT, CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>ORDER ON FIRST INTERIM REPORT AND PETITION FOR FURTHER INSTRUCTIONS OF RECEIVER, DAVID P. STAPLETON |

The Court has reviewed the First Interim Report and Petition for Instructions (the "Interim Report") of the Court-appointed Receiver, David P. Stapleton (the "Receiver"), the permanent receiver for Defendant BIC Real Estate Development Corporation ("BIC") and its subsidiaries and affiliates, including but not limited to WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company, Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities" or "Entities").

Having considered the Interim Report, and the Receiver's recommendations as reflected therein, the Court ORDERS as follows:

1. The Receiver's Interim Report is accepted;

1045195.01/LA

2.     The Receiver is authorized to undertake his Recovery Plan, as defined and described in the Interim Report, as it relates to all real property assets of the Receivership Entities ("Receivership Assets");

3.     The Court waives the requirements of 28 U.S.C. §§ 2001 and 2004 and with respect to the Entities' solar panel inventory, automobiles, and surplus Oil Company Receivership Assets, as defined and described in the Interim Report, and authorizes the Receiver to sell such Receivership Assets via arms-length, market-based transactions.  The Receiver shall notify this Court and the parties to the above-entitled action at least fifteen (15) days before any contemplated sale of any Receivership Assets addressed in this Paragraph.  Absent the receipt, by the Receiver, of any countervailing instructions by the Court, or oppositions or objections from any of the parties, before the expiration of this fifteen (15) day period, the Receiver shall thereafter be authorized to conclude any contemplated sale(s), without further order of the Court;

4.     The Receiver is authorized to engage an oil industry consultant in order to aid the Receiver in managing and maintaining the value of the Oil Company, as the term is defined and described in the Interim Report, including in connection with evaluating and addressing any Oil Company liabilities;

5.     The Receiver is authorized to undertake and complete the "money-in / money-out" or "MIMO" accounting recommended in the Interim Report;

6.     The Receiver is authorized to continue to administer the Receivership Entities in accordance with this Court's orders, and to undertake any and all tasks that he determines, in his reasonable business judgment, are necessary to preserve the value of Receivership Assets or to otherwise preserve and efficiently manage the Receivership Entities;

7. The estimated budgets detailed in Section V of the Interim Report are approved, and the Receiver and his counsel of record, Allen Matkins Leck Gamble Mallory & Natsis LLP, are authorized to incur the fees and costs identified therein.

IT IS SO ORDERED.

Dated: **June 14, 2016**          **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE

1045195.01/LA