UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 1:16-cv-344-LJO-JLT |
| Plaintiff, | ORDER FOR SUPPLEMENTAL BRIEFING |
| v. | |
| BIC REAL ESTATE CORP., et al., | |
| Defendants. | |

Currently before the Court is Valley Mortgage Investment, Inc.'s ("VMI") motion to intervene. Doc. 91. VMI asserts it is entitled to intervene in this case as of right under Federal Rule of Civil Procedure[1] 24(a) and, alternatively, asks the Court for permission to intervene under Rule 24(b). Plaintiff Securities and Exchange Commission ("the SEC") and the Court-appointed Receiver, David Stapleton ("the Receiver"), oppose the motion. Docs. 96 & 98. Defendants joined the SEC's opposition. Doc. 97. The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Doc. 105.

The SEC brought this enforcement action to enjoin Defendants' allegedly fraudulent investment scheme. The SEC alleges:

> Daniel R. Nase and the corporation he controls, BIC Real Estate Development Corporation ("BIC"), engaged and are engaging in an unregistered and fraudulent offer and sale of BIC securities. From July 2013 through September 2015, BIC and Nase raised at least $11.6 million from approximately 400 investors nationwide to purchase BIC common stock. While Nase and BIC stated that the purpose of the offering was to provide funds for BIC to purchase real property in Bakersfield, California, and fractional interests in promissory notes for consumer

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

1

loans, in fact, the offering was simply a scheme by Nase and BIC to defraud investors for his personal benefit.

As part of his fraud, Nase misappropriated approximately $5.5 million of BIC assets by using investor funds to purchase real properties that he then titled or held in his own name or the name of his wife, Relief Defendant Margarita Nase, or in the name of their trust, Relief Defendant BIC Solo 401k Trust. He also transferred cash from BIC's account to his personal account at LendingClub.com, and used BIC's funds to pay his person expenses even as BIC paid Nase and his wife generous salaries.

Doc. 1, Complaint ("Compl.") at ¶¶ 4-5.

Along with its complaint, the SEC filed a motion for a temporary restraining order and a motion to appoint a receiver over BIC and its subsidiaries. Docs. 2, 6. The Court granted both motions. Docs. 10, 13. Shortly afterward, the Court preliminarily enjoined Defendants pursuant to the parties' stipulation between one another and with the Court. Docs. 33, 42. As part of that injunction, the Receiver was permitted to manage a number of real properties owned or managed by BIC. *See generally* Doc. 42 at 10.

VMI moves to intervene in this case "as assignee for multiple private mortgage lenders [("the Lenders")] who, between them, hold secured interests in 36 parcels of real property owned by either Bakersfield Investment Club or BIC Real estate Development Corporation [("the Properties")]. Doc. 91-1 at 3. "VMI is presently acting as loan servicer for each of the 36 mortgages" on the Properties. *Id.*

VMI contends that, since the Receiver was appointed, a number of the properties and their corresponding mortgages have suffered due to the Receiver's action and inaction. Due to the problems facing the Properties, VMI seeks to intervene so that its interests and those of the Lenders, who VMI represents, are "more directly represented." Doc. 91-1 at 4.

The SEC, the Receiver, and Defendants oppose VMI's intervention under both Rule 24(a) and 24(b). Docs. 96, 98. They argue, among other things, that the Receiver adequately represents VMI's interests and, accordingly, VMI is not entitled to intervene as of right under Rule 24(a).

To intervene as of right under Rule 24, the applicant for intervention must satisfy four requirements:

(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] will not reach the remaining elements if one of the elements is not satisfied." *Id.*

On the current record, the Court is unable to rule on VMI's motion to intervene as of right under Rule 24(a) because the Court has concerns about how the Receiver is managing the Properties and whether VMI has been (or can be) afforded the ability to review and comment on the Receiver's plans to sell the Properties. The Court is also unable to determine whether the Properties are currently on the market and, if not, why that is the case. Finally, the Court cannot determine whether the Receiver is timely providing VMI relevant information, including information about rental income, mortgage payments, and vacancies. The Court therefore requires more information from the parties.

Accordingly, on or before November 4, 2016, the Receiver shall submit a supplemental brief, not to exceed fifteen pages, answering the following questions with appropriate evidentiary support:

1. What process, if any, exists for VMI to be apprised of and comment on the Receiver's plans for the Properties?

2. Are the Properties currently on the market? If they are, the Receiver shall indicate whether there are (or have been) any credible offers for them. If they are not on the market, the Receiver shall explain why that is so and when he anticipates they will be.

Within seven days of the Receiver's submitting his brief, VMI may file a responsive supplemental brief, not to exceed fifteen pages. The Court leaves the substance of that brief to VMI's discretion with the caveat that both parties are directed to discuss further whether the third and fourth requirements for Rule 24(a) intervention are satisfied under current or proposed circumstances.

Alternatively, if the parties can come to a mutual agreement about a process by which they can share information and bring VMI's concerns to the attention of the Court, the Court will consider such a

stipulated resolution. The Court will also consider the Receiver's suggestion that the parties stipulate to abandonment of the Properties to VMI. Doc. 98 at 15 n.5. If the parties require more time to meet and confer to discuss potential stipulations prior to submitting their briefs, they shall so inform the Court as soon as reasonably practical, and the Court may adjust deadlines accordingly.

IT IS SO ORDERED.

Dated:   **October 27, 2016**              **/s/ Lawrence J. O'Neill**
                                        UNITED STATES CHIEF DISTRICT JUDGE