UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BIC REAL ESTATE DEVELOPMENT CORP., et al.,**<br><br>**Defendants.** | 1:16-cv-344-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO INTERVENE (Doc. 91)** |

      Valley Mortgage Investments, Inc. ("VMI") moves to intervene in this Securities and Exchange Commission ("SEC") enforcement action. Doc. 91. The SEC, the Court-appointed Receiver, and Defendants opposed. Docs. 96-98. After the matter was fully briefed, the Court ordered supplemental briefing because the Court found it was unable to rule on the then-current record. *See* Doc. 110 at 3. The Court therefore requested further information and argument from the parties on whether VMI should be permitted to intervene. *See id.* The Court also indicated to the parties that it would consider a stipulation by the parties that would obviate the need for the Court to rule on VMI's motion. *See id.* at 3-4.

      Both parties timely submitted supplemental briefs. *See* Docs. 124, 139. The parties indicate that they have met and conferred and appear to have resolved the bulk of their disputes, which should obviate the need for the Court to rule on VMI's motion to intervene. *See* Doc. 124 at 7-8; Doc. 139 at 1. It appears the only outstanding issue on which the parties cannot come to an agreement is whether VMI is entitled to attorney's fees and costs associated with its motion to intervene. *See id.*; Doc. 139 at 4.

      In its supplemental brief, VMI states that "the Receiver is open to a stipulation that includes some mechanism for VMI to include attorney's fees in its beneficiary demands," but "the SEC has

expressed concern about any stipulated structure that reimburses VMI's fees without advance Court approval of the concept." Doc. 139 at 2. VMI indicates that if the Court were to approve the parties' proposed stipulation, then they would "be able to finalize a stipulation that resolves the need for VMI to intervene." *Id.* at 2. VMI therefore "now hopes to obtain the Court's thoughts on the inclusion of attorney's fees in beneficiary demands to the parties can finalize their stipulation and resolve the issues presented by VMI's motion." *Id.* at 3.

The Court cannot issue advisory opinions. *See generally Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[I]t is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (citation and quotation marks omitted)). VMI's request is therefore DENIED.

The parties shall inform the Court on or before January 13, 2017, whether they request a ruling on VMI's motion to intervene or whether they have reached an agreement to resolve the matter informally.

IT IS SO ORDERED.

Dated: **December 21, 2016**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE