# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>**STIPULATION RE: VALLEY MORTGAGE INVESTMENTS, INC.'S CLAIM FOR ATTORNEYS' FEES AND COSTS; [PROPOSED] ORDER THEREON** |

## STIPULATION

The following Stipulation re: Valley Mortgage Investments, Inc.'s Claim for Attorneys' Fees and Costs (the "Stipulation") is made by and between (1) David P. Stapleton (the "Receiver"), the Court-appointed receiver for Defendants BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"); (2) Plaintiff Securities and Exchange Commission (the "SEC"); and (3) proposed intervenor Valley Mortgage Investments, Inc. ("VMI") (collectively, with the Receiver and the SEC, the

"Parties") by and through their respective counsel of record, and in reliance on and with respect to the following facts:

    A.    Pursuant to this Court's April 8, 2016 Stipulated Preliminary Injunction and Orders (1) Freezing Assets, and (2) Appointing a Permanent Receiver (Dkt. No. 42), the Receiver is vested with exclusive authority and control over the property of the Receivership Entities, including more than sixty (60) residential real properties (the "Properties") which comprise a substantial portion of the receivership estate (the "Estate") in the above-entitled action.

    B.    The Court has authorized the Receiver to restore complete record ownership of the Properties to the Receivership Entities, and thereafter to market and sell the Properties for the benefit of the Receivership Entities, their Estate, and their investors and creditors, in accordance with specific procedures (the "Sales Procedures") established by the Court (Dkt. Nos. 76, 93).

    C.    VMI maintains that, at the time of the Receiver's appointment, thirty-six (36) of the Properties were subject to senior security interests in its favor, arising in connection with pre-receivership loans (the "Loans") made by VMI and secured by certain Properties. On September 14, 2016, and ostensibly in connection with its claimed interests in certain Properties, VMI filed a Motion for Leave to Intervene (the "Motion to Intervene") in the above-entitled action (Dkt. No. 91), which remains pending as of the date of this Stipulation.

    D.    In December 2016, the Receiver and VMI conferred extensively regarding the issues raised by VMI in its Motion to Intervene, and the Receiver has agreed to, and has commenced, providing VMI with regular updates regarding his Property administration and disposition efforts, as well as making monthly payments on certain Loans, as directed by VMI, along with property tax payments on all Properties subject to a VMI security interest.

    E.    While the bulk of the substantive issues in VMI's Motion to Intervene have been or are in the process of being addressed, VMI has maintained a right to

recover attorneys' fees and costs associated with its Motion to Intervene, and otherwise, citing language in the deeds of trust memorializing the security interests arising in connection with its Loans to the effect that "if any action or proceeding is commenced which affects Lender's interest in the Property … then Lender may … disburse sums, including reasonable attorney's fees … to protect Lender's interest." The SEC and the Receiver have disputed VMI's claim for attorneys' fees and costs.

F. On January 10, 2017, VMI filed an Ex Parte Application for Order Shortening Time to be Heard on Motion for Order Requiring that Sales of Real Property by Receiver Include VMI's Beneficiary Demands Having an Attorney's Fee Component Which Fees Shall Be Held In Trust (collectively, the "VMI Ex Parte") (Dkt. No. 146). In the VMI Ex Parte, VMI requested the implementation of a mechanism for the reimbursement of its accrued attorneys' fees and costs from the proceeds of the Receiver's sales of any Properties against which it claims a security interest, and proposed that it be paid up to $3,000, per Property, on a Property-by-Property basis and dependent upon the available equity in any given Property, as the Receiver's Court-approved sales of the Properties are concluded. The SEC and the Receiver opposed the VMI Ex Parte (Dkt. Nos. 147, 148) and have disputed VMI's right to fees and costs, maintaining, among other things, that VMI is not entitled to any claimed attorneys' fees and costs not directly attributable to any specific Property, Loan, or deed of trust.

G. The Court held a hearing on the VMI Ex Parte on January 11, 2017. At the hearing, the Parties agreed to stipulate to a resolution of the remaining issues relating to the VMI Ex Parte, and have agreed as follows:

**STIPULATION AND AGREEMENT**

Accordingly, and in consideration of the foregoing, the Parties hereby STIPULATE and AGREE as follows:

1. VMI shall transmit a payoff and beneficiary demand (a "Beneficiary Demand") to the Receiver's escrow agent in connection with the Court-approved

sale of each Property in which it claims a secured interest and right to repayment of attorneys' fees, which Beneficiary Demand may include an attorneys' fees and costs component payable to VMI, not to exceed $3,000;

2. At the closing of any Court-approved sale of any Property in which VMI claims an interest, and absent further order of this Court, the net proceeds from the sale, after the payment of all outstanding, principal, interest, fees, taxes, and other liabilities, shall be apportioned, through escrow, as follows:

   a. In accordance with the content of VMI's Beneficiary Demand, up to $3,000 of the net proceeds from the sale shall be directed by VMI to be transferred, through escrow, to an account maintained by the Receiver, separate and apart from any other Receivership Entity accounts (the "Separate Account"), which account may not be drawn upon absent a further order of this Court, except as provided in Paragraph 6, below; and

   b. All remaining net proceeds from the sale shall be released to any other account identified by the Receiver and maintained for the benefit and administration of the Receivership Entities and their Estate;

3. Concurrently with the closing of any Court-approved sale of any Property in which VMI claims an interest, and the delivery of the associated Demand, VMI shall provide the Receiver, or his designated agent, with an appropriate reconveyance or other instrument necessary to release VMI's security interest and confer title to such Property clear of VMI's security interest to the Receiver's buyer;

4. VMI shall be entitled to submit a claim to the Receiver pursuant to its rights in the notes and deeds of trust underlying its Loans, against the funds in the Separate Account, for the attorneys' fees and costs it has incurred in connection with its Motion to Intervene, or otherwise, in the above-entitled action (the "VMI Fee Claim");

5.      The Receiver and the SEC shall retain the right to object to the VMI Fee Claim, on any basis, except that the Receiver and the SEC may not object to the VMI Fee Claim on the grounds that VMI is not a secured creditor with respect to the Properties on which VMI had a secured Loan, nor shall any objection be made based on the cancellation of VMI's notes or reconveyance of its deeds of trust;

6.      In the event that, in adjudicating the VMI Fee Claim, the Court determines that VMI is not entitled to any attorneys' fees and costs, or is entitled to attorneys' fees and costs in an amount less than requested in the VMI Fee Claim, any funds remaining in the Separate Account after the payment of the VMI Fee Claim, if at all, shall be immediately released to the Receiver, without further order of this Court; and

7.      The Receiver's agreement to hold up to $3,000, per Property, in sales proceeds in the Separate Account as described in Paragraph 2.a, above, shall not be evidence for or reflect any admission on the part of the Receiver or the SEC as to VMI's right to attorneys' fees and costs from the proceeds of any closed sales.  Each of the Parties shall also retain and reserve any and all other of their respective rights arising in connection with the above-entitled action.

**SO STIPULATED.**

Dated:  January 18, 2017

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
PETER A. GRIFFIN

By:    */s/    Joshua A. del Castillo*
      JOSHUA A. DEL CASTILLO
      Attorneys for Receiver
      DAVID P. STAPLETON

| | | |
|---|---|---|
| 1 | Dated: January 18, 2017 | U.S. SECURITIES AND EXCHANGE COMMISSION |
| 2 | | |
| 3 | | By:  */s/*  *John B. Bulgozdy* |
| 4 | | JOHN B. BULGOZDY<br>Attorneys for Plaintiff |
| 5 | | SECURITIES AND EXCHANGE COMMISSION |
| 6 | Dated: January 18, 2017 | KLEIN, DeNATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP |
| 9 | | By:  */s/*  *Barry Goldner* |
| 10 | | BARRY GOLDNER<br>Attorneys for Proposed Plaintiff-in-Intervention |
| 11 | | VALLEY MORTGAGE INVESTMENTS, INC. |

IT IS SO ORDERED.

Dated: **January 23, 2017**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE