1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>            Defendants,<br><br>BIC SOLO 401K TRUST and MARGARITA NASE,<br><br>            Relief Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>ORDER AUTHORIZING RECEIVER'S SALE OF REAL PROPERTY LOCATED AT 308 CAMWOOD AVENUE, BAKERSFIELD, CA 93308 |

21
22
23
24
25
26
27
28

## **ORDER**

In accordance with its September 19, 2016 Order Granting Stipulation to Waive Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with, and to Establish Sales Procedures for, Receiver's Sales of Residential Real Property (the "Stipulation") and the sales procedures approved therein (the "Sales Procedures"), this Court has reviewed the January 24, 2017 Declaration of David P. Stapleton, the Court-appointed receiver (the "Receiver") regarding his proposed sale of the real

property located at and commonly known as 308 Camwood Avenue, Bakersfield, CA 93308, Assessor's Parcel Number 484-155-05-00-2 (the "Property"). The legal description for the Property is as follows:

> All that certain real property in the County of Kern, State of California, described as follows:
>
> Lot 17 of Tract No. 4897, Phase 1, in the County of Kern, State of California, as per Map recorded June 12, 1989, in Book 37, Pages 65 and 66, of Maps in the office of the County Recorder of said county.
>
> Excepting therefrom all oil, gas, minerals and other hydrocarbon substances within or underlying said land as reserved by Charles L. Crowley, et, al., in deed recorded December 19, 1955 in Book 2531, Page 125, of Official Records.
>
> All right to enter upon the surface of said land or any portion thereof above a depth of 500 feet from the surface for the purpose of exploring for, extracting, removing, mining for or in any way obtaining any minerals or other substances was relinquished by document recorded January 9, 1980, in Book 5257, Page 46, of Official Records, and document recorded January 11, 1980 in Book 5257 Page 1730, Official Records, and by that certain resolution of the County of Kern Board of Supervisors dated January 5, 1987, Resolution No. 87-003.
>
> APN: **484-155-05-00-2**

Having confirmed the Receiver's compliance with the Sales Procedures, and the 15-day notice period provided for in the Stipulation having lapsed without objection to the Receiver's proposed sale of the Property, this Court orders as follows:

1.      The terms of the purchase and sale agreement, and all attendant documents (collectively, the "PSA"), by and between the Receiver and Clifford Amerson and Michelle Amerson ("Buyer") in connection with the Receiver's proposed sale of the Property to Buyer are approved;

2.      The Court ratifies the Receiver's execution of the PSA and authorizes the Receiver to perform all of his obligations under the PSA;

3.      The Receiver is authorized to sell the Property to Buyer or Buyer's designee, as contemplated in the PSA, in exchange for the aggregate sum of $175,500 subject to the applicable terms of this Order;

4.      The Receiver is further authorized to pay any commissions provided for in the PSA and in connection with the consummation of his sale of the Property;

5.      In accordance with the terms of the PSA, and without limiting those terms, Buyer or Buyer's designee shall purchase the Property on an "as-is / where-is" basis, without any representations or warranties whatsoever by the Receiver and his agents and/or attorneys including, without limitation, any representations or warranties as to the condition of the Property, except as expressly set forth in the PSA.  Buyer or its designee is responsible for all due diligence, including but not limited to inspection of the condition of and title to the Property, and is not relying on any representation or warranty of the Receiver, except as expressly set forth in the PSA;

6.      In the performance of his obligations pursuant to this Order, the Receiver's liability in connection with the PSA and the sale of the Property to the Buyer shall be limited to the assets of the receivership estate (the "Estate").  Neither the Receiver nor his professionals shall have any personal liability for claims arising out of or relating to the performance of any actions necessary to complete the sale of the Property as provided for herein;

7.      Provided Buyer or Buyer's designee consents, in writing, the Receiver is hereby authorized to amend or otherwise modify the PSA, in writing, as necessary to complete the sale of the Property in the event that the Receiver determines, in his reasonable business judgment, that such amendment or modification is reasonable and necessary, will benefit the Estate, avoid the imposition of any liability upon the Estate, or is required pursuant to the terms of the PSA or any other amendment or

1  modification thereto, provided that any such amendment or modification does not

2  change the material terms of the contract, including the parties to the PSA and the

3  purchase price for the Property;

4       8.    The Receiver is hereby authorized to take all actions and execute all

5  documents necessary to consummate and otherwise effectuate the sale of the

6  Property to Buyer or Buyer's designee, including, but not limited to, the PSA itself,

7  any other documents required to be executed pursuant to the PSA, and any related

8  documentation, escrow instructions, or conveyance documents consistent with

9  selling and conveying title to the Property to Buyer or Buyer's designee.  The

10  Receiver shall execute all documents necessary to consummate and otherwise

11  effectuate the sale of the Property as "David P. Stapleton, Court-appointed receiver"

12  or any reasonable variation thereof which clearly identifies the Receiver as a court-

13  appointed receiver;

14       9.    The Receiver is hereby authorized to execute and acknowledge a

15  receiver's deed, or similar instrument, conveying title to the Property to Buyer or

16  Buyer's designee (the "Receiver's Deed") to effectuate the conveyance, and cause

17  the Receiver's Deed to be recorded on the date on which close of escrow occurs

18  pursuant to the terms of the PSA, or as determined by and between the Receiver and

19  Buyer or Buyer's designee;

20       10.    Any licensed title insurer may rely on this Order as authorizing the

21  Receiver to transfer title to the Property as provided in the PSA and as authorized

22  herein;

23       11.    This Court shall retain jurisdiction over any dispute involving the

24  Receiver in connection with the sale of the Property; and

25       12.    The Receiver shall provide Buyer or Buyer's designee with a certified

26  copy of this Order, as entered by the Court, directly or through escrow, at least five

27  (5) days before Close of Escrow, or as provided for in the PSA, and Buyer or

28  Buyer's designee shall acknowledge receipt of a copy of this Order, in writing.  A

certified copy of this Sale Order may be recorded concurrently with the Receiver's
Deed or at any time before the close of escrow, provided, however, that failure to
record this Order shall not affect the enforceability of this Order, the enforceability
and viability of the PSA, or the validity of the Receiver's Deed.

IT IS SO ORDERED.

Dated:   **January 26, 2017**          _____**/s/ Lawrence J. O'Neill**_____
                                                UNITED STATES CHIEF DISTRICT JUDGE