DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
PETER A. GRIFFIN (BAR NO. 306201)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax:  (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        pgriffin@allenmatkins.com

Attorneys for Receiver
DAVID P. STAPLETON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>**STIPULATION TO RELEASE WRONGFUL DEATH ACTION FROM LITIGATION STAY; ORDER THEREON** |

## **STIPULATION**

The following Stipulation to Release Wrongful Death Action from Litigation Stay (the "Stipulation") is made by and between (1) David P. Stapleton (the "Receiver"), the Court-appointed receiver for Defendants BIC Real Estate Development Corporation ("BIC") and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc. dba Target Drilling Company ("Target Drilling"); Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"); (2) Plaintiff Securities and Exchange Commission (the "SEC"); (3) Defendant Daniel R. Nase ("Mr. Nase"); and (4) the plaintiffs (the "Morales

Plaintiffs") in the action styled <u>Morales v. Target Oil & Gas Drilling, Inc., et al.</u>, pending in the Kern County Superior Court as case number BCV-16-100657 (the "Morales Action") (collectively, with the Receiver, the SEC, and Mr. Nase, the "Parties"), by and through their respective counsel of record, and in reliance on and with respect to the following facts:

A. On April 8, 2016, this Court entered its Stipulated Preliminary Injunction and Orders (1) Freezing Assets, and (2) Appointing a Permanent Receiver (the "Appointment Order") (Dkt. No. 42).

B. Among other things, the Appointment Order appointed the Receiver as the permanent receiver for the Receivership Entities and imposed a preliminary injunction and litigation stay, which stay precludes all persons and entities from commencing, prosecuting, continuing or enforcing any suit or proceeding against any of the Receivership Entities (the "Litigation Stay"), without permission from this Court.

C. The Morales Action was filed on March 24, 2016, before the entry of the Appointment Order, by Benny Morales; Brandon Morales; Anthony Ochoa; Jacob Ochoa; Mercedes Ochoa; all minors, by and through their Guardian Ad Litem, Angela Ochoa (again, collectively, the "Morales Plaintiffs"). In their Complaint in the Morales Action, the Morales Plaintiffs allege that certain Receivership Entities and affiliated entities, including Target Drilling; WM Petroleum; Bakersfield Investment Club; BIC; and BIC Solo 401k Trust (collectively, the "Morales Defendants") are liable for the wrongful death of Bernardo Morales, Jr. ("Mr. Morales").

D. The Litigation Stay presently bars the continued prosecution of the Morales Action by the Morales Plaintiffs against any Receivership Entity.

E.  In accordance with his authority under the Appointment Order, upon learning of the Morales Action, the Receiver filed a Notice of Pending Receivership in the Morales Action, advising the parties thereto of the Litigation Stay. As of the date of this Stipulation, the Parties understand that the Morales Action has been stayed as to the Receivership Entities in accordance with the requirements of the Appointment Order.

F.  At the time of Mr. Morales' death, and as it relates to the Morales Action, the Parties understand and have asserted that Target Drilling was the beneficiary of an insurance policy (policy number ZPP-11P82019-14-N4 [the "Travelers Policy"]) issued by Travelers dba St. Paul Fire & Marine Insurance Company (the "Insurer").

G.  The Receiver, as the legal representative of Target Drilling, has tendered the defense of Target Drilling in the Morales Action to the Insurer.

H.  The Insurer has engaged counsel to defend its named insured, "Target Drilling Company", in the Morales Action, but has disputed the timing and effect of any pre-receivership tender, and has not confirmed whether its acceptance of a tender, if any, has been or will be without a reservation of rights. Out of an abundance of caution, and as reflected in Recital G, above, the Receiver has tendered the matter to the Insurer. The Insurer has contested whether the Receivership Entity Target Oil & Gas Drilling, Inc. and its insured, "Target Drilling Company", are the same entity, and has not advised whether the Receiver's tender of the matter has been accepted and, if so, whether it has been accepted without a reservation of rights.

I. The Morales Plaintiffs have requested that the Receiver, the SEC, and Mr. Nase agree to release the Morales Action from the Litigation Stay in order to enable its continued prosecution.

J. After meeting and conferring, the Parties have agreed that, subject to approval by this Court, the Morales Action may be released from the Litigation Stay provided that the Morales Plaintiffs agree to: (i) proceed with the prosecution of the Morales Action such that any damages or payment due to them from the Receivership Entities, by way of damages, indemnity, or otherwise, will be paid by the Travelers Policy, up to its policy limit, exclusively; and (ii) conditionally release the Morales Defendants, including the Receivership Entities, from any and all claims arising from or in connection with the facts underlying the Morales Action, as detailed further below.

## **STIPULATION AND AGREEMENT**

Accordingly, and in consideration of the foregoing facts, the Parties hereby STIPULATE and AGREE as follows:

1. This Court has jurisdiction over the Morales Action and the claims alleged therein pursuant to 28 U.S.C. § 754 and the doctrines of pendent and ancillary jurisdiction;

2. The Morales Action shall, conditioned on the below, be released from the Litigation Stay imposed by the Appointment Order, without further order of this Court;

3. Within ten (10) business days of the entry of an order from this Court approving this Stipulation, the Receiver shall file a Notice of Release of Litigation Stay in the Morales Action, advising the presiding court and the parties that the Litigation Stay imposed pursuant to the Appointment Order has been released with respect to the Morales Action;

4. In the event that the Morales Plaintiffs obtain a judgment against Target Drilling, or any Receivership Entity, in the Morales Action, their recovery on that judgment shall be solely limited to any proceeds due and payable from the Policy;

5. The Morales Plaintiffs, for themselves and their successors and assigns, shall completely and unequivocally release the Receiver, in his personal capacity and his capacity as the Receiver, as well as the Morales Defendants, including the Receivership Entities, from any and all claims, demands, debts, obligations, liabilities, costs, expenses, rights of action causes of action, awards and judgments arising from, or in connection with, the Morales Action and the facts underlying the Morales Action, provided that such release shall not be effective until such time as the Morales Action is settled or otherwise resolved by a payment of proceeds from the Travelers Policy;

6. In the event that: (a) the Insurer denies the Receiver's tender of the defense of Target Drilling in the Morales Action; (b) the Morales Plaintiffs submit a written request for assignment to the Receiver; or (c) the Receiver determines it is otherwise appropriate, the Receiver will assign Target Drilling's rights under the Travelers Policy to the Morales Plaintiffs, along with any rights the Receivership Entities have in claims associated with the procurement of the Travelers Policy, including against brokers and insurance agents. In the event of such an assignment by the Receiver, the Morales Plaintiffs shall assume all risk attendant to and arising from any assignment of the Travelers Policy and any associated rights, and the Travelers Policy itself, and neither the Receiver or the Receivership Entities shall retain any liability in connection with or arising from the assignment of the Travelers Policy,

|   |   |   |
|---|---|---|
| 1 |   | the effectiveness of the assignment, the Travelers Policy, or the |
| 2 |   | Morales Litigation; |
| 3 | 7. | Notwithstanding the language of Paragraph 5, above, the Morales |
| 4 |   | Plaintiffs may file a claim against the Receivership Entities in |
| 5 |   | connection with and pursuant to any claims process developed by the |
| 6 |   | Receiver and approved by the Court, provided that such claim shall be |
| 7 |   | compensable, if at all, exclusively from Travelers Policy proceeds; and |
| 8 | 8. | All other provisions of the Court's prior orders shall remain in full force |
| 9 |   | and effect and the Parties shall retain any and all rights not addressed |
| 10 |   | by this Stipulation. |

**SO STIPULATED.**

Dated: March 20, 2017

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
PETER A. GRIFFIN

By:      */s/*     *Joshua A. del Castillo*
          JOSHUA A. DEL CASTILLO
          Attorneys for Receiver
          DAVID P. STAPLETON

Dated: March 20, 2017

U.S. SECURITIES AND EXCHANGE
  COMMISSION

By:      */s/*     *John B. Bulgozdy*
          JOHN B. BULGOZDY
          Attorneys for Plaintiff
          SECURITIES AND EXCHANGE
          COMMISSION

| | | |
|---|---|---|
|1| Dated: March 20, 2017 | VICK LAW GROUP APC<br>SCOTT VICK |
|2| | |
|3| | By:     */s/*     *Scott Vick* |
|4| |     SCOTT VICK<br>    Attorneys for Defendant<br>    DANIEL NASE |

Dated: March 20, 2017

LAW OFFICES OF YOUNG WOOLDRIDGE, LLP
NED DUNPHY

By:    */s/*     *Ned Dunphy*
   NED DUNPHY
   Attorneys for
   MORALES PLAINTIFFS

IT IS SO ORDERED.

Dated:   **March 21, 2017**        **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE