1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE                | Case No. 1:16-cv-00344-LJO-JLT
    COMMISSION,
12                                          | ORDER AUTHORIZING AND APPROVING
              Plaintiff,                    | RECEIVER'S SALES PROCEDURES FOR OIL
13                                          | COMPANY AND AUTHORIZING
          v.                                | RECEIVER'S ENGAGEMENT OF OIL
14                                          | COMPANY BROKER
    BIC REAL ESTATE DEVELOPMENT
15  CORPORATION and DANIEL R.
    NASE, individually and d/b/a BAKERSFIELD
16  INVESTMENT CLUB,

17            Defendants,

18  BIC SOLO 401K TRUST and MARGARITA
    NASE,
19
              Relief Defendants.
20

21          The Court has reviewed the Motion for Order Authorizing and Approving Sales

22  Procedures for Oil Company and Authorizing Engagement of Oil Company Broker (the "Motion")

23  filed by David P. Stapleton (the "Receiver"), the court-appointed permanent receiver for

24  Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including

25  but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company;

26  Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership

27  Entities").

28

Through its Motion, the Receiver seeks the Court's permission to market and sell the salable assets of Target Oil & Gas Drilling, Inc. ("the Oil Company Assets"), currently held by the Receivership. In furtherance of its request, the Receiver outlines proposed procedures for selling the Oil Company Assets, and seeks the Court's permission to engage EnergyNet.com, Inc. ("EnergyNet") as the Receiver's broker for purposes of marketing and selling the Oil Company Assets.

The proposed sales procedures provide that the Receiver will solicit offers, negotiate purchase and sale terms, and present the highest conforming bid(s) to the Court within four months of an Order granting this Motion, subject to overbidding at the hearing on the proposed sale(s) of Oil Company Assets (the "Sale Hearing") should any prospective overbidders qualify in advance of the sale hearing. The Receiver further requests authority to engage EnergyNet for a listing fee of $7,500 plus a 4% commission on the gross sales price of the Oil Company Assets. The payment of required commissions relating to the sale of the Oil Company Assets will also be presented to the Court for approval at the Sale Hearing.

A district court's power to administer an equity receivership is extremely broad. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). As the Ninth Circuit has explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

*SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (citations omitted).

In the estate administration context, courts are deferential to the business judgment of bankruptcy trustees, receivers, and similar estate custodians. *See, e.g.*, *Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("[W]e are deferential to the business management decisions of a bankruptcy trustee."); *Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 425 (9th Cir. 1983) ("The

decision concerning the form of . . . [estate administration] . . . rested with the business judgment of the trustee.").

Having considered the Motion, and all its supporting materials, and accepting the Receiver's representation that, in his business judgment, the procedures set forth provide the "best, most expedient, and most cost-effective opportunity" for the Estate to recover funds that may then be distributed to investors, (Stapleton Decl. ¶ 6), the Receiver's Motion is GRANTED.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The sales procedures proposed in the Motion are approved;

2.      The Receiver is authorized to market and sell the Receivership Entities' oil company assets (the "Oil Company Assets"), subject to Court-approval, pursuant to the sales procedures proposed in the Motion; and

3.      The Receiver is authorized to engage EnergyNet.com to serve and be compensated as the Receiver's broker for, and assist in the marketing and sale of, the Oil Company Assets, pursuant to the terms set forth in the Motion, and as reflected in the Sale Brokerage/Consulting Agreement appended as **Exhibit A** to the Receiver's declaration in support of the Motion.

IT IS SO ORDERED.

Dated:   **July 27, 2017**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE