1   DAVID R. ZARO (BAR NO. 124334)
    JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2   PETER A. GRIFFIN (BAR NO. 306201)
    ALLEN MATKINS LECK GAMBLE
3     MALLORY & NATSIS LLP
    865 South Figueroa Street, Suite 2800
4   Los Angeles, California 90017-2543
    Phone:  (213) 622-5555
5   Fax:  (213) 620-8816
    E-Mail:  dzaro@allenmatkins.com
6            jdelcastillo@allenmatkins.com
             pgriffin@allenmatkins.com
7
    Attorneys for Receiver
8   DAVID P. STAPLETON

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:16-cv-00344-LJO-JLT |
| 13                      Plaintiff, | **SECOND INTERIM APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER AND RECEIVER'S PROFESSIONALS** |
| 14          v. | |
| 15   BIC REAL ESTATE DEVELOPMENT | |
| 16   CORPORATION and DANIEL R. NASE, individually and d/b/a | [Notice of Application; Memorandum of Points and Authorities; Declaration of David P. Stapleton; and [Proposed] Order submitted concurrently herewith] |
| 17   BAKERSFIELD INVESTMENT CLUB, | |
| 18                      Defendants, | Date:    January 22, 2018 |
| 19   BIC SOLO 401K TRUST and MARGARITA NASE, | Time:    8:30 a.m. |
| 20                      Relief Defendants. | Ctrm:    4, 7th Floor |
| 21 | Judge:   Hon. Lawrence J. O'Neill |

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
1092305.06/LA

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     GENERAL SUMMARY .....................................................................................2

    A.     The Receiver's Fees And Expenses ........................................................3

    B.     Allen Matkins' Fees And Expenses .........................................................4

III.    OVERVIEW OF THE RECEIVERSHIP CASE ...............................................5

IV.     SERVICES RENDERED BY RECEIVER DURING THE
APPLICATION PERIOD ...................................................................................5

    A.     Asset Identification And Recovery ..........................................................6

    B.     Accounting And Financial Matters ..........................................................7

    C.     Administrative Matters .............................................................................7

    D.     Asset Management ....................................................................................7

    E.     Communication With Counsel And The Commission ..........................8

    F.     Case Management ......................................................................................8

    G.     Disposition of Assets and Coordination ...............................................8

    H.     Communication With Investors ...............................................................9

    I.     Money-in / Money-out Analysis .............................................................9

    J.     Oil Company ..............................................................................................9

    K.     Reporting..................................................................................................10

    L.     Solar Assets .............................................................................................10

    M.     Tax Issues ................................................................................................10

V.      SERVICES PERFORMED BY ALLEN MATKINS ...................................10

    A.     Allen Matkins As Counsel To The Receiver ......................................10

        1.     General Receivership...................................................................11

        2.     Asset Recovery and Administration .........................................12

        3.     Investigation/Reporting ..............................................................13

        4.     Sale of Assets/Dispositions ......................................................14

        5.     Pending Litigation .......................................................................14

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1092305.06/LA

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

**Page**

      6.    Claims and Distribution ............................................................ 15

VI.    THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE REQUESTED INTERIM FEES AND EXPENSES ................................................................................. 16

VII.    CONCLUSION ............................................................................ 18

APPENDIX 1 ............................................................................................ 19

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA

(ii)

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

# I.      **INTRODUCTION.**

David P. Stapleton, (the "Receiver"), the Court-appointed receiver for Defendant BIC Real Estate Development Corporation ("BIC") and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities" or "Entities"), along with his counsel of record, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins")[1], hereby submit the following collective Second Interim Application for Payment of Fees and Reimbursement of Expenses (the "Application").  This Application is the second interim application for reimbursement of fees and expenses submitted by the Receiver and his Professionals, and covers the period of November 1, 2016 to February 28, 2017 (the "Application Period").

By this Application, the Receiver requests that the Court approve his fees and expenses in the amounts of $181,901.50 and $602.91, respectively, and authorize payment, on an interim basis, of 80% of his fees, or $145,521.20, and 100% of his expenses, or $602.91.  Likewise, Allen Matkins requests that the Court approve its fees and expenses in the amounts of $138,772.80 and $4,038.28, respectively, and authorize payment, on an interim basis, of 80% of its fees, or $111,018.24, and 100% of its expenses, or $4,038.28.  The remaining, unpaid amounts, or "holdbacks," shall be payable at the end of the above-entitled receivership case, subject to further Court approval.

The fees and expenses incurred by the Receiver and Allen Matkins during the Application Period fall below the budget limits established by the Court, and the Receiver and Allen Matkins respectfully submit that their respective fees and

---

[1]      Allen Matkins is occasionally referred to herein as the Receiver's "Professionals."

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -1-                    SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

1  expenses were reasonable and necessary, benefitted the estate of the Receivership

2  Entities, and should be approved by this Court.

3  **II.   GENERAL SUMMARY.**

4  During the Application Period, the Receiver and his staff administered the

5  estate of the Receivership Entities (the "Receivership Estate" or "Estate") in

6  accordance with the Court's April 8, 2016 Stipulated Preliminary Injunction and

7  Orders (1) Freezing Assets, and (2) Appointing a Permanent Receiver (the

8  "Appointment Order") (Dkt. No. 42), its April 12, 2016 Order Re Ex Parte

9  Application (Dkt. No. 43), its June 14, 2016 Order on First Interim Report and

10  Petition for Further Instructions of Receiver, David P. Stapleton (Dkt. No. 76), and

11  its January 26, 2017 Order on Third Interim Report and Petition for Further

12  Instructions of Receiver, David P. Stapleton (Dkt. No. 161).  A detailed summary of

13  the tasks performed and actions undertaken during and following the Application

14  Period are discussed in the Receiver's most recently submitted reports (see, e.g.,

15  Dkt. Nos. 151 and 295).  Among other things, and by way of short summary, the

16  Receiver, in conjunction with his Professionals, has made substantial progress in his

17  administration of the Receivership Estate by:

18  - Completing additional sales of residential real properties ("Properties")

19    in accordance with the summary sales procedures (the "Sales

20    Procedures") previously approved by the Court;

21  - Securing Court authority to act as an elisor for the purpose of restoring

22    to the Receivership Entities complete record ownership of certain

23    Properties for which fractional interests were previously conveyed to

24    Entity investors in connection with the Entities' pre-receivership, so-

25    called liquidation plan, and commenced the marketing of these

26    Properties;

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -2-                    SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

- Securing the stipulated resolution of a pending, state court, wrongful death action against the Receivership Entities, in a manner that exempts the Receivership Estate from any liability;

- Completing his analysis of the Receivership Entities' oil company business and holdings (collectively, the "Oil Company"), determining the best means, in his reasonable business judgment, of disposing of Oil Company assets for the benefit of Entity investors and creditors, and securing Court permission to engage an experienced petroleum industry broker for the purposes of marketing and selling the assets of the Oil Company;

- Completing an accounting sufficient to underlie an investor and creditor claims process and commencing developing a proposed claims process;

- Completing the sales of at least 30 Properties, resulting in net recoveries for the Receivership Entities of $1,272,000; and

- Recovering more than $300,000 in receivership funds traced to bank and other accounts held by Entities and their principals, and selling more than $256,000 worth of Receivership Entity personal property assets.  As of the date of this Application, the Receiver holds approximately $1.67 million for the benefit of the Receivership Entities and their investors and creditors.

As reflected herein, the fees and expenses incurred by the Receiver and Allen Matkins fall within the budgets approved by the Court for the Application Period (see, e.g., Dkt. No. 161)

### A.   The Receiver's Fees And Expenses.

During the Application Period, the Receiver incurred fees in the amount of $181,901.50 and expenses in the amount of $602.91.  As detailed herein, the Receiver and his staff spent approximately 973 hours working on behalf of the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                      -3-                      SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

Receivership Entities, at an aggregate, weighted-average hourly billing rate of $186.95.  The Receiver's fees and average hourly billing rate represent significant savings to the Receivership Estate due in substantial part to the discount the Receiver has applied to all time on this matter and the efficient utilization of his team's expertise and experience in forensic accounting and asset disposition efforts.

**As noted above, by this Application, the Receiver seeks approval of 100% of his fees and expenses and payment, on an interim basis, of 80% of his fees, or $145,521.20, and 100% of his expenses, or $602.91.**

### B.     Allen Matkins' Fees And Expenses.

During the Application Period, Allen Matkins incurred fees in the amount of $139,959.00, and expenses in the amount of $4,038.28.  Allen Matkins spent approximately 271.2 hours working on behalf of the Receiver, at an aggregate, weighted-average hourly billing rate of approximately $516.07.  The amount of attorneys' fees sought by Allen Matkins and its weighted-average hourly billing rate represent significant savings to the Receivership Estate due primarily to:  (1) an across-the-board discount of 10% applied to attorney time on this matter; and (2) the efficiencies created by Allen Matkins' commitment to staffing each task with a core team of attorneys that have extensive experience and expertise in federal equity receiverships.  **Through this Application, Allen Matkins seeks approval of 100% of its fees and expenses and payment, on an interim basis, of 80% of its fees, or $111,018.24, and 100% of its expenses, or $4,038.28.**

Should the Court grant the Application, and authorize the interim payments requested herein, the remaining holdbacks shall be subject to review and payment in connection with the Receiver's and Allen Matkins' final applications for payment of fees and reimbursement of expenses, to be submitted roughly contemporaneously with the termination of the present receivership.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -4-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

## III.   OVERVIEW OF THE RECEIVERSHIP CASE.

The Court and interested parties are invited to review the materials identified in **Appendix 1** to this Application[2], the terms defined in which are incorporated herein, for a general summary of the facts underlying the above-captioned action and the activities of the Receiver and his Professionals prior to, during, and following the Application Period.

## IV.   SERVICES RENDERED BY RECEIVER DURING THE APPLICATION PERIOD.

During the Application Period, the Receiver performed services generally corresponding to the following Court-approved budget categories[3], and came in *under* the Court's maximum approved budget, as reflected below:

| Court-Approved Budget Category | Court-Approved Budget Range | Corresponding Receiver Category(ies) | Receiver's Fees |
|---|---|---|---|
| General Receivership Administration | $25,000-$35,000 | • General Admin<br>• Case Management<br>• Counsel Communication<br>• Taxes | $23,712.50 |
| Asset Recovery and Administration | $40,000-$55,000 | • Analysis & Recovery<br>• Asset Management / Administration | $47,106.50 |
| Investigation and Reporting | $15,000-$30,000 | • Reporting | $2,414.00 |
| Accounting | $10,000-$15,000 | • Accounting<br>• Money In, Money Out | $33,884.00 |
| Investor and Creditor Issues | $20,000-$40,000 | • Investor Communication | $7,076.00 |
| Sale of Assets/Dispositions | $30,000-$45,000 | • Asset Disposition<br>• Oil Business Work<br>• Solar Business Work | $67,708.50 |
| Expenses | N/A | | $602.91 |
| **TOTAL:** | **$147,500-$235,000** | | **$182,504.41** |

[2]   The identified materials may be viewed on the Receiver's website, www.bicreceivership.com.

[3]   With respect to certain budget categories, the Receiver's aggregate fees were fell below or exceeded the amount estimated for the category.  In part, this is because some of the Receiver's categories correspond to multiple Court-approved budget categories, and vice versa.  The ranges identified reflect the sum of the individual Court-approved budget ranges corresponding to each of the Receiver's categories, while the "Actual Total" accounts for duplication across the Court-approved categories.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1092305.06/LA

-5-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

The services performed by the Receiver during the Application Period are described below, and in more detail in the Receiver's invoices, which are attached hereto as **Exhibit A**.

## A.    Asset Identification And Recovery.

The Receivership Entities possessed multiple forms of assets ("Receivership Assets" or "Assets"), largely comprised of cash, the Properties, and the Oil Company.  During the Application Period, the Receiver continued to spend a significant amount of time identifying, pursuing, and managing these Assets through various avenues, including demand letters and persistent communication with parties and entities believed to be in possession of, or have an interest in, these Assets.

With regard to the Properties, the Receiver's team continued its due diligence and management efforts, including the assembly and review of property title and location, valuation and determination of equity and debt for each property, confirmation of ownership of each Property, review of mortgage documents to determine payment obligations, and performance of property tax analyses.  The Receiver's team also implemented its plan to recover the pre-receivership transfers of the Receivership Entities' interests in the real property Assets, which involved reviewing deed transfer documents to determine investors' ownership interests in each Property, preparing a deed restoration package, sending letters to and having telephonic communications with investors to request that the interests be returned to the Receivership Entities, and initiating and documenting these transfers, as well as entering into a Court-approved settlement agreement with investors who paid off significant debt obligations for certain Properties in the pre-receivership period.  The Receiver further identified personal property Assets belonging to the Receivership Entities, including Assets being held in LendingClub.com accounts, and initiated transfers of certain funds to the Receivership Estate.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                               -6-                               SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

**B.    Accounting And Financial Matters.**

During the Application Period, the Receiver examined bank statement activity, including checks issued, deposits, and withdrawals, to assess the amount of cash available and overall transaction history of the Receivership Entities.  The Receiver also implemented procedures for the processing of accounts payable, such as property taxes, and accounts receivable, such as rents collected from property rentals.  The Receiver prepared periodic cash and financial reports for the Receivership Entities and analyzed the debt obligations associated with the Properties, including mortgage principal, interest, impounds and reserves.  The Receiver also recorded the sales of certain Properties.

**C.    Administrative Matters.**

The Receiver's staff recorded general administrative tasks relevant to other categories of work in this category.  For instance, during the Application Period, the Receiver's staff recorded a limited amount of time in this category for their communications with a notary regarding notarizing grant deeds.  The Receiver's staff also recorded time for the acquisition, review, and storage of digital data and physical documents, and for the processing of checks, files, reports and communications related to the Properties, including grant deed transfers.

**D.    Asset Management.**

The Receiver and his staff devoted significant time to managing the Properties.  For those Properties occupied by tenants at the time of the Receiver's appointment, this entailed working with a property management company and a property manager to implement procedures for the collection and processing of rental payments, and to initiate eviction proceedings for non-paying tenants.  The Receiver and his staff also spent time engaging with Kern County officials regarding Section 8 tenants and the remediation of code violations resulting from pre-receivership neglect or deferred maintenance.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -7-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

The Receiver and his staff also reviewed documentation related to outstanding debt secured by certain Properties; conferred with secured creditors, such as Valley Mortgage Investments ("VMI"), regarding mortgage payments and timing; inspected the Properties and initiated necessary repairs; and paid expenses related to the Properties, including property management fees, property taxes, and property insurance premiums.

### E.     Communication With Counsel And The Commission.

During the Application Period, the Receiver communicated extensively with Allen Matkins regarding his administration of the Receivership Entities and their Estate, along with the legal work required to enable the Receiver to undertake those efforts he deemed necessary and appropriate.

### F.     Case Management.

During the Application Period, the Receiver and his staff assisted in the preparation of several documents filed in this Court, including the motion for approval of the Receiver's settlement agreement with certain Receivership Entity investors; oppositions to the separate motions to intervene filed by a secured creditor and a minority owner of certain Receivership Entities; and a stipulation pertaining to the accidental, pre-receivership death of an individual the Receiver understands to have been an Oil Company contractor.  The Receiver and his staff also spent time performing an accounting of Receivership Assets, as well as processing the restoration of the Receivership Entities' ownership interest in, and the disposition of, certain Properties.

### G.     Disposition of Assets and Coordination.

During the Application Period, the Receiver and his team coordinated with Allen Matkins, real property professionals, and prospective buyers regarding the potential disposition of the Properties.  The Receiver, in conjunction with counsel, implemented his disposition plan, which plan was previously approved by the Court. In connection with the disposition plan, the Receiver coordinated with Allen

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                          -8-                          SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

1   Matkins to draft declarations and proposed orders regarding the contemplated sales,

2   and proceeded to market, perform extensive negotiations regarding, and sell certain

3   Properties, with Court permission.  Additionally, the Receiver managed the

4   disposition of the Oil Company's water well drilling rig.

5        **H.**    **Communication With Investors.**

6        This matter involved a pool of more than 500 Entity investors, whom the

7   Receiver sought to keep informed regarding his progress in administering the

8   Receivership Entities and their Estate.  During the Application Period, the Receiver

9   responded to inquiries from investors who requested general information regarding

10  the nature and status of the receivership and the impact of the Receiver's

11  appointment on their investments and interests in the Properties.  The Receiver also

12  managed the receivership website to provide case updates to the investors, and

13  monitored the website's message portal, another avenue by which investors can

14  correspond with the Receiver.  Additionally, the Receiver and his staff billed time

15  for communications with investors regarding grant deed transfers as the Receiver

16  attempted to restore the Receivership Entities' ownership interests in the Properties.

17       **I.**    **Money-in / Money-out Analysis.**

18       During the Application Period, the Receiver commenced with his money-in /

19  money-out accounting to confirm the individual cash or value contribution by each

20  investor and creditor, along with the cash or value actually returned to investors and

21  creditors in the pre-receivership period (if any), in order to develop a cash-in / cash-

22  out analysis of the amount of each party's net contribution.  This process entailed an

23  extensive review of documents pertaining to the transactions, and culminated with a

24  final pre-receivership report and the Receiver's filing of an initial accounting.

25       **J.**    **Oil Company.**

26       The Receiver continued to establish control over the Oil Company during the

27  Application Period by, among other things, undertaking necessary repairs to ensure

28  the Oil Company could remain productive, and addressing expenses, including

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                                             -9-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

1  outstanding vendor payments, property and business taxes, payroll for employees,

2  and utilities expenses.  Additionally, the Receiver managed the disposition of the Oil

3  Company's water well drilling rig, which entailed marketing the rig for sale,

4  reviewing offers from and negotiating with potential purchasers, and providing

5  notice of the intended sale.  The Receiver also analyzed the corporate structure of

6  the Oil Company and performed an accounting of its assets in preparation for the

7  anticipated disposition of the Oil Company.

8  **K.     Reporting.**

9  During the Application Period, the Receiver and his staff devoted attention to

10  the preparation and review of the Receiver's Third Interim Report, as well as all

11  attendant supporting documents.

12  **L.     Solar Assets.**

13  During the Application Period, the Receiver and his team received, reviewed

14  and processed financial documentation regarding the solar business of the

15  Receivership Entities, including bank statements, vendor ledgers and 1099 forms for

16  the Internal Revenue Service.

17  **M.     Tax Issues.**

18  During the Application Period, the Receiver and his team reviewed and

19  processed tax payments and prepared relevant tax-related documents, including

20  1098 and 1099 forms for the Internal Revenue Service.

21  **V.     SERVICES PERFORMED BY ALLEN MATKINS**

22  **A.     Allen Matkins As Counsel To The Receiver.**

23  The Order approving the Receiver's engagement of Allen Matkins was

24  entered on April 12, 2016.  The Receiver selected Allen Matkins as his general

25  counsel because of the Firm's extensive experience and expertise in federal equity

26  receiverships, as well as bankruptcy and litigation matters.  Allen Matkins has

27  served as counsel to federal equity receivers in dozens of cases, has represented a

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1092305.06/LA                    -10-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

variety of entities in bankruptcy matters, and has significant substantive experience in related areas such as corporate and securities laws, real estate, and other matters.

During the Application Period, Allen Matkins staffed each task as efficiently as possible, using a team of core attorneys, with the assistance of specialized expertise as necessary.

Detailed descriptions of the services rendered by Allen Matkins are contained in **Exhibit B**, attached hereto.  Biographical information of the Allen Matkins attorneys who have rendered significant services to the Receiver during the Application Period are attached as **Exhibit C**.  During the Application Period, Allen Matkins recorded its time in the following categories:[4]

> 1. General Receivership;
>
> 2. Asset Recovery and Administration;
>
> 3. Investigation/Reporting;
>
> 4. Sale of Assets/Dispositions; and
>
> 5. Pending Litigation.

1. <u>General Receivership.</u>

Services in the "General Receivership" category relate to assisting the Receiver with the general administration of the Receivership Estate.  During the Application Period, Allen Matkins attorneys assisted the Receiver by preparing various submissions to the Court, including responding to two separate motions to intervene in the above-entitled action, one filed by a secured creditor and the other by a minority owner of certain Receivership Entities.  Allen Matkins also spent a considerable amount of time working with the Receiver to implement the Receiver's

---

[4]  While every effort is made to be consistent and accurate in the allocation of activities to the various categories, certain activities may lend themselves to more than one category, or may simply be difficult to categorize.  Nevertheless, **Exhibit B** reflects the actual time spent on any given activity and contains an accurate description of the services provided.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                -11-                SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

Estate administration plans and to address general case administration matters, including accounting, reporting, and asset recovery issues, as they arose.

The following Allen Matkins personnel billed material time to this category:

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 13.1 | $8,783.55 |
| J. del Castillo | Partner | $495.00 | 19.6 | $9,702.00 |
| **TOTAL:** | | | **32.7** | **$18,485.55** |
| **Average Hourly Rate[5]** | | **$555.86** | | |
| **Total Expenses** | | | | **$3,737.70** |

### 2. Asset Recovery and Administration.

Services in the "Asset Recovery and Administration" category relate directly to the Receiver's efforts to identify, secure, and recover Receivership Assets.

During the Application Period, Allen Matkins generally advised and assisted the Receiver in developing and implementing strategies for Asset recovery and provided assistance to address issues relating to the Receiver's efforts to analyze pre-receivership transfers of interests in the Properties and restore those interests to the Receivership Entities. Allen Matkins also recorded time in this category in connection with corresponding with third party creditors, including advising creditors of the receivership and the bar against self-help, and demanding that notices of defaults that were recorded against certain Properties be rescinded. Allen Matkins also addressed issues relating to the Oil Company. Finally, Allen Matkins advised the Receiver regarding a settlement with certain Receivership Entity investors, and prepared the motion and supporting documentation requesting the Court's approval of said settlement.

The following Allen Matkins personnel billed material time to this category:

---

[5] All "Average Hourly Rate" entries reflect weighted averages to account for both the discount provided by Allen Matkins and the amount of time each time-keeper billed to a specific category.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA          -12-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 2.5 | $1,676.25 |
| J. del Castillo | Partner | $495.00 | 49.4 | $24,453.00 |
| M. Rawn | Associate | $427.50 | 1.0 | $427.50 |
| M. Zonne | Associate | $337.50 | 1.5 | $506.25 |
| A. Engstrom | Associate | $283.50 | 1.0 | $283.50 |
| **TOTAL:** | | | **55.4** | **$27,346.50** |
| **Average Hourly Rate** | | **$493.62** | | |

3.     <u>Investigation/Reporting.</u>

Services in the "Investigation/Reporting" category relate to the Receiver's and Allen Matkins' efforts to investigate the nature and location of Receivership Assets, along with the business and financial activities of the Entities, and provide related reports to the Court.  During the Application Period, Allen Matkins assisted the Receiver in the identification, retrieval, and review of documents relating to the Receivership Entities and their business and financial activities.  Allen Matkins also spent time in this category to confer with and advise the Receiver regarding accounting issues.  Additionally, Allen Matkins drafted, reviewed, and conferred with the Receiver's team to prepare and file the Receiver's Third Interim Report and the Initial Accounting Report.

The following Allen Matkins personnel billed material time to this category:

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 2.8 | $1,877.40 |
| J. del Castillo | Partner | $495.00 | 40.4 | $19,998.00 |
| **TOTAL:** | | | **43.2** | **$21,875.40** |
| **Average Hourly Rate** | | **$506.38** | | |
| **Total Expenses** | | | | **$71.20** |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA

-13-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

4.    Sale of Assets/Dispositions.

During the Application Period, Allen Matkins assisted the Receiver in implementing his strategies for the disposition of Receivership Assets, including the efforts to market and sell the Properties and other Assets of the Receivership Entities, and addressed issues as they arose.  For example, with regard to the Properties, Allen Matkins assisted the Receiver by preparing, reviewing, and revising declarations and proposed orders regarding the contemplated sales, conferring with the Commission and Mr. Nase's counsel regarding the same, and obtaining Court approval for the sale the Properties.  Allen Matkins also addressed issues presented by secured creditors for the Properties.  Additionally, Allen Matkins assisted the Receiver with the disposition of the Oil Company's water well drilling rig by preparing documents necessary to facilitate its intended sale, and made preparations regarding the anticipated sale of the Oil Company.

The following Allen Matkins personnel billed material time to this category:

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 3.7 | $2,480.85 |
| M. Ertman | Partner | $598.50 | 1.0 | $598.50 |
| J. del Castillo | Partner | $495.00 | 59.4 | $29,403.00 |
| A. Engstrom | Associate | $283.50 | 1.0 | $283.50 |
| P. Griffin | Associate | $279.00 | 0.6 | $167.40 |
| **TOTAL:** | | | **65.7** | **$32,933.25** |
| **Average Hourly Rate** | | **$501.27** | | |
| **Total Expenses** | | | | **$10.10** |

5.    Pending Litigation.

Services provided in this category include continued work on a pre-receivership action pending against the Receivership Entities; correspondence with parties to the action; the review of pleadings, insurance policies, and other

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                                     -14-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

documents relevant to the action; the development of recommendations and strategy for the Receiver; and the negotiation and drafting of a stipulation to exempt the Receivership Estate from liability in the action.  Allen Matkins also addressed litigation threatened by an investor claiming an interest in the Oil Company.

The following Allen Matkins personnel billed material time to this category:

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 3.0 | $2,011.50 |
| J. del Castillo | Partner | $495.00 | 25.4 | $12,573.00 |
| P. Griffin | Associate | $279.00 | 1.5 | $418.50 |
| **TOTAL:** | | | **29.9** | **$15,003.00** |
| **Average Hourly Rate** | | **$501.77** | | |
| **Total Expenses** | | | | **$219.28** |

6.    <u>Claims and Distribution.</u>

While the Receiver had not yet decided upon or petitioned this Court for approval of a proposed claims process at the time, during the application period he was obligated to contend with what was, effectively, the affirmative prosecution of a claim by Valley Mortgage Investments, one of the prospective intervenors hose efforts were ultimately denied by the Court.  Specifically, in addition to opposing VMI's efforts to intervene, Allen Matkins assisted the Receiver in addressing and responding to demands from VMI, outside the scope of the Court's approved asset sales procedures, for payment of mortgage principal and interest, along with attorneys' fees.  Among other things, Allen Matkins reviewed and responded to VMI demands directly, and with the Receiver; drafted multiple documents for submissions to the Court, including opposing an opposition to an *ex parte* application and, various contemplated stipulations regarding the administration of VMI's claim, including as it related to VMI's intervention efforts; and provided

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                                    -15-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

detailed and continuous legal analysis of the viability of VMI's contentions and the extent of its claims, if any.  At the time the Receiver's budget for the Application Period was originally submitted to the Court, neither the Receiver nor Allen Matkins anticipated the time and expense that would be required to address issues arising in connection with VMI's persistent efforts to have its claims adjudicated before those of other creditors.  Nonetheless, and even including the fees incurred in connection with addressing the VMI issues, Allen Matkins' aggregate fees for the Application Period fell below budget limit approved by the Court.

The following Allen Matkins personnel billed material time to this category:

| Name | Title | Rate | Hours | Fees |
|------|-------|------|-------|------|
| D. Zaro | Partner | $670.50 | 12.2 | $8,180.10 |
| J. del Castillo | Partner | $495.00 | 30.2 | $14,949.00 |
| **TOTAL:** | | | **42.4** | **$23,129.10** |

## VI.   THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE REQUESTED INTERIM FEES AND EXPENSES.

As addressed in greater detail in the concurrently filed Memorandum of Points and Authorities, decisions regarding the timing and amount of an award of fees and expenses to the Receiver and his Professionals are committed to the sound discretion of the Court.  See SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).  In determining the reasonableness of fees and expenses requested in this context, the Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the Estate, along with the Commission's position on the request, which is entitled to "great weight."  SEC v. Fifth Avenue Coach Lines, Inc., 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                                    -16-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

Where, as here, the fees requested are reasonable and "where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate[,]" an interim award of fees is appropriate.  Consumer Fin. Prot. Bureau v. Pension Funding, LLC, 2016 U.S. Dist. LEXIS 187607, at *4 (C.D. Cal. July 7, 2016).  Interim allowances are necessary "to relieve counsel and others from the burden of financing lengthy and complex [] proceedings."  In re Rose Way, Inc., 1990 Bankr. LEXIS 3028, at *9 (Bankr. S.D. Iowa Mar. 1, 1990) (citing In re Mansfield Tire & Rubber Co., 19 B.R. 125 (Bankr. N.D. Ohio 1981).

Here, the Receiver and Allen Matkins provided valuable work to the receivership for which they have not been compensated.  Their billing rates are comparable to those charged in the community on similarly complex receivership matters.  Further, the billing statements of the Receiver and Allen Matkins have been submitted to the Commission for review prior to the filing of this Application, without objection.

Just as importantly, in its Order on the Receiver's Third Interim Report (Dkt. No. 161), the Court approved the Receiver's and Allen Matkins' estimated budgets for the Application Period of between $147,500 and $235,000 and $95,000 and $187,500, respectively.  Both the Receiver and Allen Matkins have incurred fees and expenses in amounts below the limits of their estimated budgets for the Application Period.  The Receiver and Allen Matkins therefore respectfully submit that their respective fees and expenses requests are fair and reasonable, that the requested fees and expenses incurred were necessary, and significantly benefitted the Receivership Estate, and accordingly that the requested fees and expenses should be approved and interim payments authorized.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -17-                    SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

## VII.   <u>CONCLUSION.</u>

The Receiver and Allen Matkins therefore respectfully request that this Court enter an Order:

1.     Approving fees and expenses of the Receiver for the Application Period totaling $181,901.50 and $602.91, respectively, and awarding payment to the Receiver, on an interim basis, of 80% of his fees, or $145,521.20, and reimbursement of 100% of his expenses, or $602.91;

2.     Approving fees and expenses of Allen Matkins for the Application Period totaling $138,772.80.00 and $4,038.28, respectively, and awarding payment to Allen Matkins, on an interim basis, of 80% of its fees, or $111,018.24, and 100% of its expenses, or $4,038.28;

3.     Authorizing the Receiver to pay such sums out of assets of the Receivership Entities; and

4.     For such other and further relief as is appropriate.

Dated:  December 11, 2017

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
PETER A. GRIFFIN


By:      */s/ Joshua A. del Castillo*
_____
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
DAVID P. STAPLETON

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA

-18-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

1

## <u>APPENDIX 1</u>

2

3       • Security and Exchange Commission's (the "Commission") Complaint
4         (filed March 11, 2016; Dkt. No. 1);
5       • Temporary Restraining Order (entered March 11, 2016; Dkt. No. 10);
6       • Order on Hearing Regarding Temporary Restraining Order (entered
7         March 15, 2016; Dkt. No. 13);
8       • Notice of Filing and Receiver's Initial Report and Inventory (filed
9         March 31, 2016; Dkt. No. 29);
10      • Receiver's Ex Parte Application for Order in Aid of Receivership ("Aid
11        Application") (filed April 8, 2016; Dkt. Nos. 38-41);
12      • Appointment Order (entered April 8, 2016; Dkt. No. 42);
13      • Order re Ex Parte Application (entered April 12, 2016; Dkt. No. 43);
14      • Receiver's Analysis of Source of Funds in Defendant's Personal
15        Account (filed April 15, 2016; Dkt. No. 44);
16      • Order re Receiver's Statement of Analysis of Source of Funds in
17        Defendant's Personal Account (entered April 18, 2016; Dkt. No. 46);
18      • Status Report of Receiver re Turnover of Funds from Defendant's
19        Personal Account (filed April 22, 2016; Dkt. No. 49);
20      • Receiver's Notice of Motion and Motion for Supplemental Order in Aid
21        of Receivership ("Aid Motion") (filed May 5, 2016; Dkt. Nos. 56-57);
22      • Order in Aid (entered May 6, 2016; Dkt. No. 58);
23      • Order on Stipulation [re Wells Fargo accounts] (entered May 11, 2016;
24        Dkt. No. 62);
25      • Receiver's First Interim Report (filed June 6, 2016; Dkt. No. 69);
26      • Receiver's Supplemental Report (filed June 10, 2016; Dkt. No. 74);
27      • First Interim Report Order (entered June 14, 2016; Dkt. No. 76);

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA

-19-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

- Notice of Receiver's Intent to Sell Solar Panels (the "Solar Panel Sale Notice") (filed July 22, 2016; Dkt. No. 81);

- Receiver's Supplemental Report Regarding LendingClub.com Accounts (filed August 3, 2016; Dkt. No. 85);

- Order on Receiver's Supplemental Status Report (entered August 17, 2016; Dkt. No. 86);

- Stipulation to Waive Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with, and to Establish Sales Procedures for, Receiver's Sales of Real Property (the "Property Sales Stipulation") (filed September 15, 2016; Dkt. No. 92);

- Order Granting Stipulation to Waive Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with, and to Establish Sales Procedures for, Receiver's Sales of Real Property (entered September 19, 2016; Dkt. No. 93);

- Notice of Receiver's Intent to Sell Receivership Automobiles (the "Automobiles Sale Notice") (filed September 20, 2016; Dkt. No. 95);

- Second Interim Report (filed October 5, 2016; Dkt. No. 101);

- Third Interim Report (filed January 18, 2017; Dkt. No. 151);

- Order on Third Interim Report (entered January 26, 2017; Dkt. No. 161);

- Receiver's Motion for Order Approving Settlement (filed February 2, 2017; Dkt. No. 164);

- Notice of Filing of Initial Accounting Report and Initial Accounting Report of Receiver, David P. Stapleton (the "Initial Accounting Report") (filed February 24, 2017; Dkt. Nos. 167, 167-1);

- Memorandum Decision and Order re Motion for Order Approving Settlement (Doc. 164) (entered March 6, 2017; Dkt. No. 169);

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                    -20-

SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

- Stipulation to Release Wrongful Death Action from Litigation Stay (the "Morales Stipulation") (filed March 20, 2017; Dkt. No. 172);

- Order on Morales Stipulation (entered March 22, 2017; Dkt. No. 174);

- Receiver's Motion for Order Appointing Receiver as Elisor for Purposes of Restoring Receivership Real Property Interests to Receivership Entities (the "Elisor Motion") (filed March 2, 2017; Dkt. Nos. 220-222);

- Order on Elisor Motion (entered June 17, 2017; Dkt. No. 244);

- Receiver's Motion for Order Authorizing and Approving Sales Procedures for Oil Company and Authorizing Engagement of Oil Company Broker (the "Oil Company Sales Procedures Motion") (filed June 28, 2017; Dkt. Nos. 249-251);

- Order on Oil Company Sales Procedures Motion (entered July 28, 2017; Dkt. No. 268); and

- Fourth Interim Report (filed September 28, 2017; Dkt. No. 295).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1092305.06/LA                                           -21-                          SECOND INTERIM APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES