UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>Defendants,<br><br>BIC SOLO 401K TRUST and MARGARITA NASE,<br><br>Relief Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING MOTION OF RECEIVER, DAVID P. STAPLETON, FOR ORDER: (1) ESTABLISHING SUMMARY CLAIMS PROCEDURES; (2) SETTING CLAIMS BAR DATE; AND (3) APPROVING PROPOSED CLAIM FORM WITH MODIFICATION |

The Court has reviewed the Motion for Order: (1) Establishing Summary Claims Procedures; (2) Setting Claims Bar Date; and (3) Approving Proposed Claim Form (the "Motion") submitted by David P. Stapleton, (the "Receiver"), the Court-appointed permanent Receiver for Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership

Entities"). (ECF Nos. 311, 312.) The Court has also reviewed the Securities and Exchange Commission's ("SEC") response in support of the Receiver's motion, (ECF No. 321), non-party Sagar LLC's ("Sagar") opposition to the Receiver's motion, (ECF No. 322), and the Receiver's reply, (ECF No. 323).

Sagar contributed $694,500 towards the purchase of Target Oil, or 15% of the oil company's purchase price. (ECF No. 322 at 2.) In exchange, it received a 15% stake in WM Petroleum, the holding company that purchased Target Oil. (*Id.*) Sagar argues that the Receiver's motion to establish summary claims procedures does not establish sufficiently clear criteria for how claims will be evaluated and processed. (*Id* at 3-4.) Sagar also posits that it is entitled to preserve its 15% stake in WM Petroleum by receiving 15% of the assets from the liquidation of Target Oil. (*Id.* at 5-6.) Although Sagar opposes the Receiver's motion for summary claims procedures, it also concedes that its concerns "may be premature," and indicates its intention to preserve its right to object to the ultimate recommended disposition of the Receivership Entities' assets. (ECF No. 322 at 3.)

The Court agrees that these concerns are premature. The Receiver is asking the Court to approve a process by which he can assess and evaluate the sum total of the claims against the Receivership Entities. The process that he has proposed for doing so is thorough, efficient, and reasonable. The true nature of Sagar's concerns relate not to the claims procedures, but to the ultimate disposition of Receivership Entities' assets. Although the Receiver will make a recommendation to the Court regarding how to distribute those assets, the final decision regarding distribution rests with the Court. As the Court has previously indicated, interested third parties will have a right to voice their concerns "after a reasonable effort to meet and confer with the Receiver and/or the SEC to resolve any disputes informally." (ECF No. 145.) At the time that the Receiver makes a recommendation regarding the distribution of assets, the Court will hear from, and weigh the concerns of, any interested parties, including Sagar. Any discussion of whether Sagar is entitled to 15% of the liquidated assets in Target Oil Company is entirely premature, both because those assets have not yet been liquidated and because the Receiver is still working to

determine how best to fairly compensate all investors, including Sagar.  (ECF No. 145 at 5 ("Sagar has failed to show that the SEC and the Receiver do not adequately represent its interests").)

Having considered the Receiver's Motion and good cause appearing therefore, the Court ORDERS as follows:

1. The Receiver's Motion is GRANTED, in its entirety;

2. The use of summary proceedings for the determination of claims against the estate of the Receivership Entities, as proposed and detailed in the Motion, is AUTHORIZED and APPROVED;

3. The Receiver's proposed means of noticing prospective claimants against the estate of the Receivership Entities, including via his website, email, and a notice published in the Bakersfield Californian within fifteen (15) days of the entry of this Order, is AUTHORIZED and APPROVED;

4. A claims bar date of sixty (60) days from the date of the Receiver's publication of notice in the Bakersfield Californian, as referenced in Paragraph 3, above, is APPROVED and ESTABLISHED; and

5. The Receiver's proposed Claim Form, attached as **Exhibit A** to the Motion, is AUTHORIZED and APPROVED with one MODIFICATION: the claims form indicates that this matter is pending in the Central District of California instead of the Eastern District of California. The Receiver is instructed to change the case caption to indicate that this matter is pending in the Eastern District of California.

IT IS SO ORDERED.

Dated: __**December 13, 2017**__ _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE