# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BIC REAL ESTATE DEVELOPMENT, CORP., et al.,**<br><br>Defendants. | **Case No. 1:16-cv-00344-LJO-JLT**<br><br>**ORDER ON FIFTH REPORT AND PETITION FOR FURTHER INSTRUCTIONS OF RECEIVER, DAVID P. STAPLETON** |

The Court has reviewed the Fifth Interim Report and Petition for Instructions (the "Interim Report") of the Court-appointed Receiver, David P. Stapleton (the "Receive""), the permanent receiver for Defendant BIC Real Estate Development Corporation ("BI"") and its subsidiaries and affiliates, including but not limited to WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company, Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities" or "Entities").

The Court has also undertaken a careful analysis of the fees incurred to date, as well as the Receiver's budgets for the third interim period (March 1, 2017 – December 31, 2017) and the fourth interim period (January 1, 2018 – March 31, 2018). The Court has considered these figures in light of the Receiver's anticipated total recovery, which the Court understands will be significantly lower than the net value of investor contributions to the Receivership Entities, which totaled approximately $12.1 million. (ECF No. 167.) The Receiver should be aware that the Court does not expect to allow payment of fees to exceed one third of the total recovery, once that final figure has been calculated. *See SEC v. Ryan*, No. 110CV513NAMRFT, 2013 WL 12141502, at *2 (N.D.N.Y. Jan. 14, 2013) (compensating receiver in Ponzi scheme enforcement action one third of the monies recovered). The Receiver and his counsel should plan and budget accordingly.

Furthermore, at this point, it would be appropriate for the Receiver to inform investors of the fees, both those incurred and those anticipated, by the Receiver, and his preliminary recovery expectations. The Receiver is ordered to communicate in writing to investors the following information: 1) the fees incurred by the Receiver and his counsel to date, 2) his budget for the third and fourth interim period, and 3) his general expectations for the total recovery on initial investments.

Accordingly, the Court **ORDERS** as follows:

1. The hearing in this matter, currently set for February 19, 2018, is **VACATED**;

2. The Receiver's Interim Report is **ACCEPTED**;

3. The Receiver's recommendations, as presented in the Interim Report, are **ACCEPTED AND APPROVED**, and the Receiver is authorized to continue his administration of the Receivership Entities and their assets consistent with the Receiver's recommendations in the Interim Report and this Court's previous orders; and

4. The estimated budgets for the Receiver and his counsel of record, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), for the period from January 1, 2018 through March 31, 2018 are **APPROVED**, and the Receiver and Allen Matkins are authorized to incur the fees and costs identified therein, subject to their understanding that the Court will not allow the payment of fees and costs to exceed one third of the total recovery.

5. The Receiver is **ORDERED** to communicate the following information to investors in writing **on or before February 19, 2018**: 1) the fees incurred by the Receiver and his counsel to date, 2) his budget for the third and fourth interim period, and 3) his general expectations for the total recovery on initial investments.

IT IS SO ORDERED.

Dated: **January 19, 2018**              **/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE