# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>Defendants, | Case No. 1:16-cv-00344-LJO-JLT<br><br>**ORDER GRANTING SECOND INTERIM APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER AND HIS PROFESSIONALS**<br><br>(ECF No. 330) |

Before the Court is the unopposed Second Interim Application for Payment of Fees and Reimbursement of Expenses (the "Application") filed by David P. Stapleton (the "Receiver"), the court-appointed permanent receiver for Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"), together with the Receiver's counsel of record, Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins"), for services rendered for the period of November 1, 2016 to February 28, 2017 ("Application Period"). (ECF

No. 330.) In his Application, the Receiver requests approval of his fees and expenses ($181,901.50 and $602.91, respectively), and payment of 80% of his fees ($145,521.20) and 100% of his expenses ($602.91). (ECF No. 330 at 4.) The Receiver also requests approval of Allen Matkins' fees and expenses ($138,772.80 and $4,038.28, respectively), and payment of 80% of its fees ($111,018.24), and 100% of its expenses ($4,038.28). (*Id.*)

Plaintiff Securities and Exchange Commission ("SEC") submitted a response to the Application indicating that they support the requested interim payments. (ECF No. 340.) There were no other responses or objections filed in response to the Receiver's Application.

**I.     STANDARD OF DECISION**

The determination of the amount to be awarded to a receiver and his professionals is in the district court's sound discretion and should be "reasonable under the circumstances." *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994); *see also In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992) (trial court has discretion to determine reasonable compensation for receiver). The entitlement to reasonable compensation extends to the professionals employed by the receiver. *See Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). "The receiver bears the burden to demonstrate to the court [any] entitlement to [the] payment of fees and costs in the amount requested." *SEC v. Total Wealth Mgmt., Inc.*, No. 15-CV-226-BAS-DHB, 2016 WL 727073, at *1 (S.D. Cal. Feb. 24, 2016) (citing 65 Am. Jur. 2d, Receivers § 228 (2d ed. Feb. 2016 update)). The amount of compensation to be awarded is firmly within the discretion of the district court, and generally is a charge upon the property or funds in receivership. *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994).

"An award of interim fees is appropriate 'where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate.'" *SEC v. Small Bus. Capital Corp.*, No. 5:12-CV-03237 EJD, 2013 WL 2146605, at *2 (N.D. Cal. May 15, 2013) (citation omitted). In determining the reasonableness of the fees and costs requested, the court should consider the "economy of administration, the burden that the estate may safely be able to bear, the amount of time required, although not necessarily expended, and

the overall value of the services to the estate." *In re Imperial '400' Nat'l, Inc.*, 432 F.2d 232, 237 (3d Cir. 1970). However, courts will "[f]requently . . . withhold a portion of the requested interim fees because 'until the case is concluded the court may not be able to accurately determine the "reasonable" value of the services for which the allowance of interim compensation is sought.'" *Small Bus. Capital Corp.*, 2013 WL 2146605, at *2 (citation omitted). Finally, in a securities receivership, "[o]pposition or acquiescence by the SEC to the fee application will be given great weight." *SEC v. Fifth Ave. Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

## II.     DISCUSSION

### A.     Receiver's Requested Fees

During the Application Period, the Receiver and his staff identified and recovered Receivership assets, examined bank statement activity, established accounting procedures, managed properties belonging to the Receivership, communicated with counsel, the SEC, and investors, took steps to dispose of real property assets, and commenced money-in money-out accounting, among other tasks. The Receiver and his staff spent approximately 973 hours working on behalf of the Receivership Entities, at a weighted average hourly billing ate of $186.95. (ECF No. 330 at 3-4.)

All fees and expenses incurred during the Application period are documented and presented in detailed time records, which allowed the Court to evaluate the tasks performed, hours expended, and total fees incurred. (ECF No. 330, Ex. A.) The Receiver has applied a discount to all time spent on this matter, and has endeavored to use his staff efficiently to complete the necessary tasks. (ECF No. 330 at 4.)

The requested amount falls within the budget range approved by this Court for the Application Period. (ECF Nos. 151, 161.) The SEC's support for the Receiver's request also weighs in favor of finding that the fee application is reasonable. *See SEC v. Total Wealth Mgmt., Inc.*, No. 15-CV-226-BAS-DHB, 2016 WL 7242080, at *2 (S.D. Cal. Dec. 15, 2016).

In light of the complexity of the matter, the degree of responsibility involved, the business ability required, and the number of hours expended during the Application Period, the requested fee award is reasonable. Accordingly, the Court approves, on an interim basis, the Receiver's

request for $181,901.50 in fees and $602.91 in expenses, and approves payment of 80% of his fees ($145,521.20) and 100% of his expenses ($602.91).

     **B.**     **Allen Matkins' Requested Fees**

During the Application Period, Allen Matkins spent approximately 271.2 hours working on behalf of the Receivership Entities, at a weighted average billing rate of $516.07 per hour, for fees totaling $138,772.80. (ECF No. 330 at 4.) In addition, Allen Matkins incurred $4,038.28 in expenses. (*Id.*) The firm performed a wide range of tasks assisting the Receiver during the relevant period, including assisting the Receiver with preparing submissions to this Court, analyzing and responding to two motions to intervene in this action, assisting with the legal aspects of asset recovery and administration, corresponding with third party creditors, and assisting with the sale and disposal of Receivership assets, among other tasks. (*Id*. at 11-16.)

Allen Matkins is a well-known firm with extensive experience in federal receiverships, and the firm's billing rates are comparable to the usual fees for similarly complex services in the community. Allen Matkins also applied an across-the-board discount of 10% to all attorney time billed to this matter. (ECF No. 330 at 4.) The detailed time records submitted indicate that the firm staffed the tasks performed appropriately and efficiently based on the expertise required. (ECF No. 330, Ex. B.) The firm's efforts have substantially benefited the Receivership Entities.

The requested amount falls within the budget range for legal fees approved by this Court for the Application Period. (ECF Nos. 151, 161.) As in the case of the Receiver's fee application, the Court ascribes great weight to the SEC's support for Allen Matkins' request for fees and reimbursement of expenses. (ECF No. 340.) Accordingly, the Court approves, on an interim basis, Allen Matkins' request for $138,772.80 in fees incurred during the Application Period, and authorizes the payment, on an interim basis, of 80% of the fees incurred, in the amount of $111,018.24. In addition, the firm's request for reimbursement of expenses in the amount of $4,038.28 is approved as reasonable.

## III. CONCLUSION AND ORDER

Having considered the Application, and all its supporting materials, the Court finds the requested fees and expenses are appropriate under the circumstances and will reasonably, but not excessively, compensate the Receiver and Allen Matkins for their efforts.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Fees and expenses of the Receiver in the respective amounts of $181,901.50 and $602.91 are approved, and payment to the Receiver of 80% of his fees, or $145,521.20, and reimbursement of 100% of his expenses, or $602.91, is awarded on an interim basis; and

2. Fees and expenses of Allen Matkins in the respective amounts of $138,772.80 and $4,038.28 are approved, and payment to Allen Matkins of 80% of its fees, or $111,018.24, and 100% of its expenses, or $4,038.28, is awarded on an interim basis;

3. The Receiver is authorized to pay such sums out of assets of the Receivership Entities.

IT IS SO ORDERED.

Dated: **January 19, 2018**          /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE