|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:16-cv-00344-LJO-JLT |
| Plaintiff, | ORDER AUTHORIZING RECEIVER'S SALE OF REAL PROPERTY LOCATED AT 137 N. STINE ROAD, BAKERSFIELD, CA 93309 |
| v. |   |
| BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB, |   |
| Defendants, |   |
| BIC SOLO 401K TRUST and MARGARITA NASE, |   |
| Relief Defendants. |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**<u>ORDER</u>**

In accordance with its September 19, 2016 Order Granting Stipulation to Waive Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with, and to Establish Sales Procedures for, Receiver's Sales of Residential Real Property (the "Stipulation") and the sales procedures approved therein (the "Sales Procedures"), this Court has reviewed the February 14, 2018, Declaration of David P. Stapleton, the Court-appointed receiver (the "Receiver") regarding

ORDER APPROVING AND AUTHORIZING
RECEIVER'S SALE OF REAL PROPERTY

-1-

his proposed sale of the real property located at and commonly known as 137 N. Stine Rd., Bakersfield, CA 93309, assessor's parcel number **020-283-06-00-7** (the "Property").  The legal description for the Property is as follows:

>All that certain real property in the County of Kern, State of California, described as follows:
>
>LOT 47 OF TRACT 1753 IN THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED JULY 14, 1954 IN BOOK 8, PAGE 139 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
>
>EXCEPTING THEREFROM AN UNDIVIDED 25% OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS IN OR UNDER OR THAT MAY AT ANY TIME BE PRODUCED OR EXTRACTED FROM ALL OF THE SAID LAND, AS RESERVED BY THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, AS ADMINISTRATOR WITH WILL ANNEXED OF ESTATE OF CHARLES COHN, DECEASED, IN DEED RECORDED MARCH 19, 1953 IN BOOK 2055, PAGE 397 OF OFFICIAL RECORDS.
>
>ALSO EXCEPTING THEREFROM AN UNDIVIDED 25% OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS IN OR UNDER SAID PREMISES OR THAT MAY AT ANY TIME BE PRODUCED OR EXTRACTED THEREFROM, TOGETHER WITH THE RIGHT TO PROSPECT FOR, DEVELOP, EXTRACT AND REMOVE THE SAME, PROVIDED THAT THE GRANTOR RELINQUISHES TO THE GRANTEE ALL RIGHTS OF ENTRY TO THE SURFACE OF THE SAID PREMISES TO A DEPTH OF 500 FEET FOR THE PURPOSE OF PROSPECTING FOR, EXTRACTING, REMOVING OR DEVELOPING SAID OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, AS RESERVED BY GEORGE H. BARNETT AND MARIE F. BARNETT, HUSBAND AND WIFE, IN DEED RECORDED APRIL 19, 1954 IN BOOK 2220, PAGES 360 AND 362, BOTH OF OFFICIAL RECORDS.
>
>ALSO EXCEPTING THEREFROM AN UNDIVIDED 50% OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS IN OR UNDER SAID PREMISES OR THAT MAY AT ANY TIME BE PRODUCED OR EXTRACTED THEREFROM, TOGETHER WITH THE RIGHT TO PROSPECT FOR, DEVELOP, EXTRACT AND REMOVE THE SAME, PROVIDED THAT THE GRANTOR RELINQUISHES TO THE GRANTEE ALL RIGHT OF ENTRY TO THE SURFACE OF THE SAID PREMISES TO A DEPTH OF 500 FEET FOR THE PURPOSE OF PROSPECTING FOR, EXTRACTING, REMOVING OR DEVELOPING SAID OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS, AS RESERVED BY DUNSMOR CONSTRUCTION CO., A CORPORATION, IN DEED

RECORDED JULY 13, 1954 IN BOOK 2260, PAGE 104 OF OFFICIAL RECORDS.

APN: **020-283-06-00-7**

Having confirmed the Receiver's compliance with the Sales Procedures, and the 15-day notice period provided for in the Stipulation having lapsed without objection to the Receiver's proposed sale of the Property, this Court orders as follows:

1. The terms of the purchase and sale agreement, and all attendant documents (collectively, the "PSA"), by and between the Receiver and Nooshin Navidi ("Buyer") in connection with the Receiver's proposed sale of the Property to Buyer are approved;

2. The Court ratifies the Receiver's execution of the PSA and authorizes the Receiver to perform all of his obligations under the PSA;

3. The Receiver is authorized to sell the Property to Buyer or Buyer's designee, as contemplated in the PSA, in exchange for the aggregate sum of $125,500 subject to the applicable terms of this Order;

4. The Receiver is further authorized to pay any commissions provided for in the PSA in connection with the consummation of the sale of the Property;

5. In accordance with the terms of the PSA, and without limiting those terms, Buyer or Buyer's designee shall purchase the Property on an "as-is / where-is" basis, without any representations or warranties whatsoever by the Receiver and his agents and/or attorneys including, without limitation, any representations or warranties as to the condition of the Property, except as expressly set forth in the PSA. Buyer or its designee is responsible for all due diligence, including but not limited to inspection of the condition of and title to the Property, and is not relying on any representation or warranty of the Receiver, except as expressly set forth in the PSA;

6. In the performance of his obligations pursuant to this Order, the Receiver's liability in connection with the PSA and the sale of the Property to the Buyer shall be limited to the assets of the receivership estate (the "Estate"). Neither the Receiver nor his professionals shall have any personal liability for claims arising out of or relating to the performance of any actions necessary to complete the sale of the Property as provided for herein;

7. Provided Buyer or Buyer's designee consents, in writing, the Receiver is hereby authorized to amend or otherwise modify the PSA, in writing, as necessary to complete the sale of the Property in the event that the Receiver determines, in his reasonable business judgment, that such amendment or modification is reasonable and necessary, will benefit the Estate, avoid the imposition of any liability upon the Estate, or is required pursuant to the terms of the PSA or any other amendment or modification thereto, provided that any such amendment or modification does not change the material terms of the contract, including the parties to the PSA and the purchase price for the Property;

8. The Receiver is hereby authorized to take all actions and execute all documents necessary to consummate and otherwise effectuate the sale of the Property to Buyer or Buyer's designee, including, but not limited to, the PSA itself, any other documents required to be executed pursuant to the PSA, and any related documentation, escrow instructions, or conveyance documents consistent with selling and conveying title to the Property to Buyer or Buyer's designee. The Receiver shall execute all documents necessary to consummate and otherwise effectuate the sale of the Property as "David P. Stapleton, Court-appointed receiver" or any reasonable variation thereof which clearly identifies the Receiver as a court-appointed receiver;

9. The Receiver is hereby authorized to execute and acknowledge a receiver's deed, or similar instrument, conveying title to the Property to Buyer or Buyer's designee (the "Receiver's Deed") to effectuate the conveyance, and cause the Receiver's Deed to be recorded on the date on which close of escrow occurs pursuant to the terms of the PSA, or as determined by and between the Receiver and Buyer or Buyer's designee;

10. Any licensed title insurer may rely on this Order as authorizing the Receiver to transfer title to the Property as provided in the PSA and as authorized herein;

11. This Court shall retain jurisdiction over any dispute involving the Receiver in connection with the sale of the Property; and

12. The Receiver shall provide Buyer or Buyer's designee with a certified copy of this Order, as entered by the Court, directly or through escrow, at least five (5) days before Close of Escrow, or as provided for in the PSA, and Buyer or Buyer's designee shall acknowledge receipt

of a copy of this Order, in writing.  A certified copy of this Sale Order may be recorded concurrently with the Receiver's Deed or at any time before the close of escrow, provided, however, that failure to record this Order shall not affect the enforceability of this Order, the enforceability and viability of the PSA, or the validity of the Receiver's Deed.

IT IS SO ORDERED.

Dated: **February 21, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE