# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>STIPULATION RE: LIMITED RELEASE OF INJUNCTION TO PERMIT FORECLOSURES OF REAL PROPERTY BY SECURED CREDITOR, VALLEY MORTGAGE INVESTMENTS, INC.; ORDER THEREON |

## STIPULATION

The following Stipulation re: Limited Release of Injunction to Permit Foreclosures of Real Property by Secured Creditor Valley Mortgage Investments, Inc. (the "Stipulation") is made by and between: (1) David P. Stapleton (the "Receiver"), the Court-appointed receiver for Defendants BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"); (2) Plaintiff Securities and Exchange Commission (the "SEC"); and (3) secured creditor Valley Mortgage Investments, Inc. ("VMI") (collectively, with the Receiver and the SEC, the "Parties") by and through their respective counsel of record, and in reliance on and with respect to the following facts:

A.  Pursuant to this Court's April 8, 2016 Stipulated Preliminary Injunction and Orders (1) Freezing Assets, and (2) Appointing a Permanent Receiver (the "Appointment Order") (Dkt. No. 42), the Receiver is vested with exclusive authority and control over the property of the Receivership Entities, including dozens of residential real

properties (the "Properties") which comprise a substantial portion of the receivership estate (the "Estate") in the above-entitled action.

B. Section XIII of the Appointment Order enjoins all "clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities over whom/which the Court has jurisdiction" from, among other things, "using self-help" or "creating or enforcing a lien on any property or property interests" of the Receivership Entities. In other words, the Appointment Order operates as an injunction against efforts by third party creditors to enforce their lien rights, via nonjudicial foreclosure or otherwise, against receivership Property, including the Properties.

C. The Court has previously authorized the Receiver to market and sell the Properties. As of this date, the Receiver has completed the sale of forty-four (44) Properties, a portion of the sales proceeds from which has been used to pay off any debt secured by the Properties at the time of their sale.

D. While the Receiver has made substantial progress in his marketing and sale efforts with respect to the Properties, he has recently concluded, in his reasonable business judgment, that six (6) Properties (the "Properties Subject to Abandonment") no longer reflect any net benefit to the receivership estate (the "Estate"), because their market value is such that, after including the cost of management and sale, their net value to the Estate is zero or negative. The Receiver estimates that, on a monthly basis, continuing to administer the Properties Subject to Abandonment could result in the diminution of the value of the receivership estate by an average of approximately $2,500 - $3,000, per Property Subject to Abandonment, per month. Accordingly, the Receiver has determined, in his reasonable business judgment, that rather than continue to expend limited Estate funds on the upkeep and management of the Properties Subject to Abandonment, they should be abandoned or, alternatively, their senior secured lender, Valley Mortgage Investments, Inc. ("VMI") should be permitted to conclude a foreclosure of each Property Subject to Abandonment.

E. The six (6) Properties Subject to Abandonment are:

- 715 Arvin Street, Bakersfield, CA 93308 (APN: 112-202-08-00-2);
- 1317 Wilson Avenue, Bakersfield, CA 93308 (APN: 111-173-02-00-6);
- 1300 Castaic Avenue, Bakersfield, CA 93308 (APN: 111-161-25-00-6);
- 8304 Orange Blossom Avenue, Bakersfield, CA 93306 (APN: 388-361-18-00-2);
- 343 Ray Street, Bakersfield, CA 93308 (APN: 112-242-02-00-6); and

- 1200 El Tejon Avenue, Bakersfield, CA 93308 (APN: 111-142-43-00-9).

F. The Receiver has conferred with VMI and the Commission, and the Parties are in agreement that, given the Receiver's conclusion that the Properties Subject to Abandonment are either valueless or reflect a net liability to the Estate, the provisions of the Appointment Order which operate to bar a foreclosure by VMI should be lifted – as to VMI only – to permit VMI to commence and conclude a nonjudicial foreclosure of each of the Properties Subject to Abandonment.

**STIPULATION AND AGREEMENT**

Accordingly, and in consideration of the foregoing, the Parties hereby STIPULATE and AGREE as follows:

1. The provisions of the Appointment Order which bar VMI from commencing and concluding a foreclosure of any of the Properties Subject to Abandonment are waived, as to VMI only;

2. Effective upon the entry of an order granting this Stipulation, VMI shall be entitled to exercise all of its rights and remedies arising under the loan documents memorializing the loans secured by the Properties Subject to Abandonment, including, but not limited to: (a) using self-help with respect to the enforcement of its security interests in the Properties Subject to Abandonment; (b) taking possession of the Properties Subject to Abandonment; (c) securing the Properties Subject to Abandonment, pending the conclusion of any foreclosures; and (d) commencing and concluding nonjudicial foreclosures of each of the Properties Subject to Abandonment;

3. Effective upon the entry of an order granting this Stipulation, the Receiver and the Receivership Entities shall have no obligation to make payments arising in connection with the Properties Subject to Abandonment, including, but not limited to, in connection with any payments on VMI's associated loans due on or after March 1, 2018.

4. Notwithstanding the language of Paragraph 2, above, VMI shall remain enjoined from commencing or prosecuting an action, at law or in equity, against the Receiver or the Receivership Entities, absent specific written permission from this Court, as provided in the Appointment Order; and

5. Except as expressly provided for, above, nothing in this Stipulation shall otherwise affect the rights of the Parties, including rights expressly reserved pursuant to prior orders of this Court. Each of the Parties shall retain and reserve any and all other of their respective rights arising in connection with the above-entitled action.

\\\

\\\

**SO STIPULATED.**

Dated: March 1, 2018

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
PETER A. GRIFFIN


By: */s/    Joshua A. del Castillo*
    JOSHUA A. DEL CASTILLO
    Attorneys for Receiver
    DAVID P. STAPLETON

Dated: March 1, 2018

U.S. SECURITIES AND EXCHANGE
  COMMISSION


By: */s/    John B. Bulgozdy*
    JOHN B. BULGOZDY
    Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION

Dated: March 1, 2018

KLEIN, DeNATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL, LLP


By: */s/    Barry Goldner*
    BARRY GOLDNER
    Attorneys for Proposed
    Plaintiff-in-Intervention
    VALLEY MORTGAGE INVESTMENTS, INC.

**ORDER**

IT IS SO ORDERED.

Dated: **March 5, 2018**        **/s/ Lawrence J. O'Neill**
                                          UNITED STATES CHIEF DISTRICT JUDGE