DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
PETER A. GRIFFIN (BAR NO. 306201)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        pgriffin@allenmatkins.com

Attorneys for Receiver
DAVID P. STAPLETON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORP., et al.,<br><br>Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>STIPULATION AMENDING OIL COMPANY SALES PROCEDURES AND EXTENDING ASSOCIATED DEADLINES; ORDER THEREON<br><br>Date:  NO HEARING REQUIRED<br>Ctrm:  4<br>Judge: Hon. Lawrence J. O'Neill |

## **STIPULATION**

The following Stipulation Amending Oil Company Sales Procedures and Extending Associated Deadlines (the "Stipulation") is made by and between: (1) David P. Stapleton (the "Receiver"), the Court-appointed receiver for Defendants BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"); (2) Plaintiff Securities and Exchange Commission (the "SEC"); and (3) Defendant Daniel Nase (collectively,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

Case No. 1:16-cv-00344-LJO-JLT
STIPULATION AND ORDER RE: OIL
COMPANY SALE PROCEDURES

with the Receiver and the SEC, the "Parties") by and through their respective counsel of record, and in reliance on and with respect to the following facts:

A. On July 27, 2017, this Court entered its Order Authorizing and Approving Receiver's Sales Procedures for Oil Company and Authorizing Receiver's Engagement of Oil Company Broker (the "Oil Company Sales Procedures Order") (Dkt. No. 268), approving and authorizing the sales procedures and deadlines proposed, on Motion by the Receiver (the "Sales Procedures Motion"), in connection with his anticipated marketing and sale of the assets of WM Petroleum, Target Oil & Gas Drilling, Inc., and affiliated entities (collectively, the "Oil Company Assets"), as well as the Receiver's engagement and compensation of a specialized petroleum industry broker, Energy Net (Dkt. Nos. 249-251).

B. On November 15, 2017, on motion by the Receiver, the Court entered an order extending certain deadlines associated with the Receiver's anticipated sale of the Oil Company Assets (Dkt. No. 320).

C. Since the Court's entry of the Oil Company Sales Procedures Order, the Receiver, his Court-approved broker, EnergyNet, and his counsel of record, Allen Matkins Leck Gamble Mallory & Natsis LLP, have been engaged in significant marketing and sale-related efforts, including listing the Oil Company Assets for sale on appropriate exchanges, solicitation of offers from at least 4 prospective buyers, the preparation of a form Purchase and Sale Agreement ("PSA"), the identification of a contemplated stalking horse bidder for the Oil Company Assets in accordance with the Sales Procedures Order, and negotiating and tailoring the PSA to the purchase terms agreed to by the Receiver's original stalking horse bidder.

D. In mid-March 2018, the Receiver's original stalking horse bidder notified him that it would be withdrawing from its contemplated purchase of the Oil Company Assets. Since then, the Receiver has renewed negotiations with other interested parties and tentatively agreed upon deal terms with a new anticipated stalking horse bidder.

E. The Receiver's new stalking horse bidder is organizationally distinct from his original stalking horse bidder. As a consequence, the Receiver has had to renegotiate and revise certain portions of the PSA and to commence previously unnecessary discussions with the Receivership Entities' mineral rights holders regarding the assignment of leases to the new stalking horse, as well as to potentially similarly situated overbidders.

F. The Receiver is informed and understands that his new stalking horse, as well as all other parties who have indicated an intention to qualify as bidders for the Oil Company Assets, must satisfy certain mineral rights holder requirements regarding the assignability of leases, which requirements can take as many as 90 days to satisfy.

G. As a consequence of the above, the Receiver has determined, in his reasonable business judgment, that it is appropriate to: (1) amend the Oil Company Sales Procedures Order to provide that all prospective purchasers of the Oil Company Assets, whether the current stalking horse bidder or other potential qualified bidders, must satisfy any existing mineral rights holder assignment requirements prior to any hearing on the proposed sale of the Oil Company Assets; and (2) extend all deadlines associated with the Court-approved sales procedures for the Oil Company Assets by a further 120 days, to permit both the present stalking horse bidder and any prospective overbidders to satisfy such requirements.

**STIPULATION AND AGREEMENT**

Accordingly, and in consideration of the foregoing, the Parties hereby STIPULATE and AGREE as follows:

1. Effective immediately upon the entry of an order approving this Stipulation, the Court-approved sales procedures for the Oil Company Assets, as reflected in the Oil Company Sales Procedures Order, shall be amended to provide that a "Qualified Bidder", as described in the Sales Procedures Motion and Oil Company Sales Procedures Order, is defined as follows:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-3-

Case No. 1:16-cv-00344-LJO-JLT
STIPULATION AND ORDER RE: OIL
COMPANY SALE PROCEDURES

"A Qualified Bidder is a prospective purchaser who, no later than 10 business days prior to a scheduled hearing (the "Sale Hearing") on the Receiver's proposed sale of the Oil Company Assets:

(i) confirms, in writing, its commitment to execute a PSA for the Oil Company Assets with terms substantially similar to the terms of the Receiver's PSA(s) with the Receiver's stalking horse bidder or bidders (the "Recommended Buyer(s)");

(ii) provides evidence, in a form reasonably acceptable to the Receiver, that the Qualified Bidder has the ability to pay the purchase price for the Oil Company Assets proposed by the Recommended Buyer(s) (the "Purchase Price"), plus the minimum initial overbid amount set forth below;

(iii) provides an earnest money deposit by wire transfer or cashier's check in the amount of 10% of the Purchase Price, payable to the Receiver, which amount shall be non-refundable to the Qualified Bidder with the highest and best bid at the auction if for any reason: (a) the highest and best bidder fails to timely close the sale; or (b) the highest and best bidder fails to provide the balance of the Purchase Price to the Receiver within 5 business days following the Sale Hearing;

(iv) provides the Receiver with written confirmation that it can satisfy any requirements imposed by the Receivership Entities' mineral rights holders regarding the assignment of Oil Company Asset-associated leases; and

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-4-

Case No. 1:16-cv-00344-LJO-JLT
STIPULATION AND ORDER RE: OIL
COMPANY SALE PROCEDURES

(v) provides the Receiver and his counsel of record with written notice of its intent to appear and bid at the Sale Hearing, at least 7 days before the Sale Hearing."

2. In order to maximize the likelihood that the Receiver's new stalking horse bidder and any prospective qualified bidders for the Oil Company Assets have sufficient time to attempt to satisfy any mineral rights assignment requirements, the Court will hear any motion for the Receiver to approve the sale of the Oil Company Assets within 45 days after the filing of such motion, provided that the Receiver must still publish notice of his intent to sell the Oil Company Assets, in accordance with 28 U.S.C. § 2001, *et seq.*, no fewer than 4 weeks prior to any hearing on the proposed sale, as previously ordered by the Court; and

3. Effective immediately upon the entry of an order approving this Stipulation, all pending deadlines associated with the Receiver's proposed marketing and sale of the Oil Company Assets, shall be extended by a further 120 days.

**SO STIPULATED.**

Dated: April 9, 2018

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
PETER A. GRIFFIN

By: */s/ Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
DAVID P. STAPLETON

Dated: April 9, 2018

U.S. SECURITIES AND EXCHANGE
  COMMISSION

By: */s/ John B. Bulgozdy*
JOHN B. BULGOZDY
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION

Dated: April 9, 2018

VICK LAW GROUP APC
T. SCOTT VICK

By: _/s/ T. Scott Vick_
T. SCOTT VICK
Attorneys for Defendant
DANIEL NASE

ORDER

IT IS SO ORDERED.

Dated: **April 10, 2018**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE