# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>Defendants,<br><br>BIC SOLO 401K TRUST and MARGARITA NASE,<br><br>Relief Defendants. | Case No. 1:16-cv-00344-LJO-JLT<br><br>**ORDER RE PENDING MOTIONS REGARDING TREATMENT OF CLAIMS, PAYMENT TO RECEIVER, AND ATTORNEY'S FEES**<br><br>(ECF Nos. 393, 394, 398) |

Before the Court for decision are two motions filed by David P. Stapleton (the "Receiver"), the court-appointed permanent receiver for Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates. The Receiver moves for Court approval of the Receiver's recommended treatment of and distribution on claims. ECF No. 393. The Receiver also moves for a Court order requiring Valley Mortgage Investments, Inc. ("VMI") to reimburse the Receiver for $467,087.00 in administrative expenses incurred by the Receiver in connection with the properties that served as collateral for VMI loans. ECF No. 394. The Securities and Exchange Commission has filed statements in support of the Receiver's motions. ECF Nos. 396 & 397.

VMI opposes both motions and has filed a counter-motion for a Court order, that, among other things, would instruct the Receiver to pay VMI $87,000.00 in attorney's fees that VMI claims the Receiver should have been holding in a separate account pursuant to a prior stipulation between VMI and the Receiver. ECF No. 398.

All of the above motions are presently set for hearing on December 13, 2018. Due to the press of other business and pursuant to Local Rule 230(g), the Court VACATES that hearing date. Unless the Court otherwise indicates in a future order, it will decide these motions on the papers after all response deadlines have expired.

Thus far, Court has received no objections to the Receiver's planned distribution from any investors other than VMI. Pursuant to prior orders of this Court, the Receiver is required to post all Court filings in this case on his website and provide notice of those filings to all investors via email. While the Court takes judicial notice that the Receiver has been posting Court filings on his website, it does not appear the Receiver has filed any declaration indicating email service has been provided to the investors. Accordingly, and in an abundance of caution designed to protect the investors' rights, the Receiver is instructed to:

(1) send notice to all investors indicating:

    (a) that there are motions pending before the Court and indicating where copies of those motions can be located on the internet;

    (b) that those motions reveal, among other things, that no investor is likely to receive more than 25% recovery on their investment;

    (c) that the Court has taken the hearing on those motions off calendar and plans to decide the motions on the papers;

    (d) that if any investor that has not already filed objections wishes to do so, they must file objections in writing with the Court by December 13, 2018; and

    (e) the Clerk of Court's address.

(2) file with the Court a copy of the above communication along with a declaration describing how it was distributed to the investors.

In addition, the Receiver and the SEC are directed to file with the Court any objections to the planned treatment of claims and/or distributions they may have received directly, other than any objections from VMI, as VMI has made its position(s) clear on the record.

Finally, the Receiver, VMI, and the SEC are instructed to meet and confer to discuss the possibility of scheduling a settlement conference before a magistrate judge (other than the one assigned to this matter) to resolve the remaining disputes in this case.

IT IS SO ORDERED.

Dated: **December 3, 2018**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE