# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE,** individually and d/b/a **BAKERSFIELD INVESTMENT CLUB,**<br><br>Defendants,<br><br>**BIC SOLO 401K TRUST and MARGARITA NASE,**<br><br>Relief Defendants. | 1:16-cv-00344-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE STATEMENT OF CAPITAL ONE BANK (USA), N.A. REGARDING STATUS OF FROZEN FUNDS IN RESPONSE TO COURT ORDER GRANTING PLAINTIFF'S MOTION FOR MONETARY RELIEF (ECF NO. 327)** |

## I. INTRODUCTION

The Court has reviewed and considered the Statement of Capital One Bank (USA), N.A. Regarding Status of Frozen Funds in Response to Court Order Granting Plaintiff's Motion for Monetary Relief (ECF No. 327), Statement of Capital One Bank (USA), N.A. Regarding Availability for Status Conference re. Disbursement of Frozen Capital One Account Proceeds in Further Response to Court Order Granting Plaintiff's Motion for Monetary Relief; and/or Offer of Capital One to Provide any Further Requested Information to the Court (No. 418), Response and Objection of Margarita Nase to Capital One Bank (USA), N.A.'s Request for Money Loaned to Margarita Nase (No. 424), and the Statement of Position of Receiver, David P. Stapleton, Regarding Funds Withdrawn From Capital One By Defendants (No. 425). The Court **ORDERS** as described below.

## II. BACKGROUND

The parties are familiar with the facts of this case. This Order concerns the disposition of frozen lines of credit advance obtained from Capital One credit cards. On March 10, 2016, prior to the SEC's initiation of this action, Defendant Daniel Nase and now-dismissed Defendant Margarita Nase obtained personal lines of credit advance from their Capital One credit card accounts in the amounts of $43,962.29 and $50,000, respectively. *See* ECF No. 48 at 2. On April 22, 2016, the Court granted Defendants' request that the aggregate amount of the Capital One credit line—$93,962.29—be deposited into the Vick Law Group (Defendants' counsel) client trust account and frozen. *See id.* at 4. Claims against Margarita Nase were dismissed on March 22, 2017, with the stipulation of dismissal noting "the Receiver has informed the SEC that it has recovered from Margarita Nase all funds and/or property in her possession, custody, or control which were traceable to the alleged fraud." ECF No. 179. On April 13, 2017, Defendant Daniel Nase suggested that the funds be held pending his request for attorneys' fees. *See* ECF No. 203 at 6-7. On April 20, 2017 the SEC took the position that the funds should be paid to the Receiver or, in the alternative, returned to Capital One. *See* ECF No. 208 at 10. Defendants once again contended that Ms. Nase's Capital One funds are properly returned to her and Mr. Nase's Capital One funds should be used to pay his attorneys' fees. *See* ECF No. 224 at 5-6.

In its May 4, 2017 order, the Court deferred decision as to whether the frozen Capital One funds could be used in satisfaction of Defendants' disgorgement obligations until it had all of the relevant information and had heard from the interested parties, including but not limited to Capital One. *See* ECF No. 224 at 6. The SEC alerted non-party Capital One to the fact of the frozen funds. ECF No. 327 at 2. Capital One stated that Defendants have been in default on three Capital One credit card accounts since April 2016 and, as of September 2017, owed a total of $124,429.56 on the accounts. *See* ECF No. 327 at 3. It is Capital One's position that the frozen Capital One funds should be released to Capital One. *See id.* On March 27, 2019, Capital One filed a second request for return for the frozen funds. *See* ECF No. 418. On May 17, 2019, the Court ordered that the Receiver "provide its position as to the

proper distribution of the frozen Capital One funds," that "[a]ny other party believing it is entitled to the Capital One funds, including but not limited to Margarita Nase, may also submit an objection or response to Capital One's request," and that the Capital One funds remain frozen. ECF No. 423 at 12-13.

On June 6, 2019, Margarita Nase filed a response and objection to Capital One's Request. ECF No. 424. Ms. Nase stated that it is undisputed that she has been dismissed from this action, all funds traceable to the fraud in her possession have been returned to the Receiver, and the $50,000 in Capital One funds was not traceable to any fraud. *Id.* at 2-3. Ms. Nase argued that this Court does not have jurisdiction over any dispute regarding the borrowing relationship between non-party Capital One and the now-dismissed Ms. Nase because such dispute does not relate to the SEC's claims nor the Receiver's directives. *Id.* at 3. Ms. Nase requested that the $50,000 be returned to her and that at least a portion of the $43,926.29 be paid to Defendants' attorneys subject to a subsequent fee application to the Court. *Id.*

The Receiver filed its response on June 6, 2019 as well. *See* ECF No. 425. The Receiver stated it has no objection to the Capital One funds being returned to Capital One. *Id.* at 2. The Receiver further stated that its "accounting of the assets of the Receivership Entities does not include, and has never included, the Capital One Funds. As such, the Receiver's claims and distribution recommendations and calculations, as previously submitted to the Court, did not contemplate his use or application of such funds." The Receiver did not provide its position as to the propriety of releasing the frozen funds to any party aside from Capital One. The SEC did not provide any updated position as to the proper distribution of the funds.

The Court agrees with Ms. Nase that it would be improper for the Court to order the funds returned to Capital One. No party has provided any authority for the Court to make such an order, nor has the Court been provided any legal basis for the Capital One funds to remain frozen as a general matter. Any dispute between Capital One and Mr. Nase or Ms. Nase regarding the defaulted credit cards is not properly before this Court. Moreover, the Receiver stated these funds are not considered part of

3

the receivership and not contemplated as part of any distribution to claimants.  The Court has not been provided any legal basis for the funds remain frozen.

Relatedly, the Court has not been provided any basis upon which it could order that Defendants' attorneys' fees be drawn from the frozen funds.  Defendants refer to an application for attorney's fees that may, at some time in the future, be directed to the Court.  Unless and until the parties identify a legal basis for such an application to be made in the context of this case, the Court does not believe it has any authority to intervene in what otherwise would be a private matter of contract between Defendants and counsel.

Nevertheless, out of an abundance of caution, the Court will not order the funds be unfrozen until fourteen days from electronic service of this Order.  If a party believes, despite this order, that there is a legal basis for the Capital One funds to remain frozen or distributed in a different manner, that party may make a properly noticed motion, supported by citations to cases, statutes, and/or judgments from other courts, prior to the expiration of the fourteen-day interim period.  If no party moves for the funds to remain frozen during the interim period, the Capital One funds shall be released to Mr. Nase and Ms. Nase.

For the reasons stated above, the Court orders as follows:

(1) The Court **DENIES** Capital One's Request for the frozen Capital One credit line funds to be released to Capital One.

(2) The Court **ORDERS** the frozen Capital One funds be unfrozen and released fourteen (14) days from electronic service of this Order, with $43,926.29 returned to Daniel Nase and $50,000 returned Margarita Nase, respectively, **UNLESSS** a party makes a properly noticed and supported motion for the funds to remain frozen.

IT IS SO ORDERED.

Dated:　**July 9, 2019**　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE