UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  **Plaintiff,**<br><br>                  v.<br><br>BIC REAL ESTATE DEVELOPMENT CORPORATION and DANIEL R. NASE, individually and d/b/a BAKERSFIELD INVESTMENT CLUB,<br><br>                  **Defendants,**<br><br>BIC SOLO 401K TRUST and MARGARITA NASE,<br><br>                  **Relief Defendants.** | 1:16-cv-00344-LJO-JLT<br><br>**ORDER GRANTING FOURTH INTERIM APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER AND HIS PROFESSIONALS (ECF No. 437)** |

    Before the Court is the unopposed Fourth Interim Application for Payment of Fees and Reimbursement of Expenses (the "Application") filed by David P. Stapleton (the "Receiver"), the court-appointed permanent receiver for Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates, including but not limited to, WM Petroleum; Target Oil & Gas Drilling, Inc.; Tier 1 Solar Power Company; Tier 1 Solar Power Company, LLC; and Home Sweet Holdings (collectively, the "Receivership Entities"), together with the Receiver's counsel of record, Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins"), for services rendered for the period of January 1, 2018 to June 30, 2018 ("Application Period"). ECF No. 437. In his Application, the Receiver requests approval of his fees and expenses ($175,806.50 and $1,823.90, respectively), and payment of 75% of his

fees ($131,854.88) and 100% of his expenses ($1,823.90). ECF No. 437 at 2. The Receiver also requests approval of Allen Matkins's fees and expenses ($128,318.95 and $3,709.17, respectively), and payment of 75% of its fees ($96,239.14), and 100% of its expenses ($3,709.17). ECF No. 437-1 at 21-22.

Plaintiff Securities and Exchange Commission ("SEC") responded to the Application indicating that they support the requested interim payments. ECF No. 438. There were no other responses or objections filed in response to the Receiver's Application.

## I. **STANDARD OF DECISION**

The determination of the amount to be awarded to a receiver and his professionals is in the district court's sound discretion and should be "reasonable under the circumstances." *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994); *see also In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402, 1409 (9th Cir. 1992) (trial court has discretion to determine reasonable compensation for receiver). The entitlement to reasonable compensation extends to the professionals employed by the receiver. *See Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). "The receiver bears the burden to demonstrate to the court [any] entitlement to [the] payment of fees and costs in the amount requested." *SEC v. Total Wealth Mgmt., Inc.*, No. 15-CV-226-BAS-DHB, 2016 WL 727073, at *1 (S.D. Cal. Feb. 24, 2016) (citing 65 Am. Jur. 2d, Receivers § 228 (2d ed. Feb. 2016 update)). The amount of compensation to be awarded is firmly within the discretion of the district court, and generally is a charge upon the property or funds in receivership. *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994).

"An award of interim fees is appropriate 'where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate.'" *SEC v. Small Bus. Capital Corp.*, No. 5:12-CV-03237-EJD, 2013 WL 2146605, at *2 (N.D. Cal. May 15, 2013) (citation omitted). In determining the reasonableness of the fees and costs requested, the court should consider the "economy of administration, the burden that the estate may safely be able to bear, the amount of time required, although not necessarily expended, and the overall value of the services to the estate." *In re Imperial '400' Nat'l, Inc.*, 432 F.2d 232, 237 (3d Cir. 1970). However, courts will "[f]requently . . . withhold a portion of the requested interim fees because 'until the case is concluded the court may not

be able to accurately determine the "reasonable" value of the services for which the allowance of interim compensation is sought.'" *Small Bus. Capital Corp.*, 2013 WL 2146605, at *2 (citation omitted). Finally, in a securities receivership, "[o]pposition or acquiescence by the SEC to the fee application will be given great weight." *SEC v. Fifth Ave. Coach Lines*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

## II. DISCUSSION

### A. Receiver's Requested Fees

During the Application Period, the Receiver and his staff identified and recovered Receivership assets, managed accounting and financial matters, managed properties belonging to the Receivership, operated and administered assets, communicated with counsel and other necessary parties, managed the case before the Court, and took steps to dispose of assets. The Receiver and his staff also developed and proposed recommendations to the Court regarding the allowance and denial, amounts, and prioritization of claims of the investors and other creditors of the Entities, continued money-in/money-out accounting, among other tasks. The Receiver had significant success in all these endeavors. The Receiver and his staff spent approximately 991 hours working on behalf of the Receivership Entities, at a weighted average hourly billing rate of $177.40. ECF No. 437-1 at 7, 8-13.

All fees and expenses incurred during the Application period are documented and presented in detailed time records, which allowed the Court to evaluate the tasks performed, hours expended, and total fees incurred. ECF No. 437-1, Ex. A. The Receiver has applied a discount to all time spent on this matter, and has endeavored to use his staff efficiently to complete the necessary tasks. ECF No. 437-1 at 7.

The requested amount is reasonable given the budget range approved by this Court for part of the Application Period. ECF Nos. 342, 346.[1] The SEC's support for the Receiver's request also heavily

---

[1] The last budget approved by the Court was contained in the Receiver's Fifth Interim Report for the period from January 1, 2018 through March 31, 2018. *See* ECF Nos. 342 at 8; 346 at 2. The Receiver and his professionals here request approval and partial payment of fees and costs for the period from January 1, 2018 through June 30, 2018. The Receiver's Sixth Interim Report did not seek approval of a budget for April 1, 2018 through June 30, 2018. *See* ECF No. 421. Nevertheless, the Court approves the fees and expenses requested herein because they are reasonable and necessary, and, moreover, the Receiver's requested fees and expenses for the three-month period actually remain within the estimated budget range for the three-month period, and Allen Matkins's fees and expenses are only slightly outside of the three-month budget. The fact that the Receiver and his professionals did not just meet a budget that proportionally doubled to account for the doubled time period, but in fact stretched the original three-month budget to almost provide for six months of work, speaks to the eminent reasonableness of the requested fees. While the Court applauds the Receiver and his professionals' efficiency, the Court reminds the parties to submit estimated budgets for any period where payment of fees and expenses will be sought.

3

weighs in favor of finding that the fee application is reasonable. *See SEC v. Total Wealth Mgmt., Inc.*, No. 15-CV-226-BAS-DHB, 2016 WL 7242080, at *2 (S.D. Cal. Dec. 15, 2016); ECF No. 438.

In light of the complexity of the matter, the degree of responsibility involved, the business ability required, and the number of hours expended during the Application Period, the requested fee award is reasonable. Accordingly, the Court approves, on an interim basis, the Receiver's request for $175,806.50 in fees and $1,823.90 in expenses, and approves payment of 75% of his fees ($131,854.88) and 100% of his expenses ($1,823.90).

**B.     Allen Matkins's Requested Fees**

During the Application Period, Allen Matkins spent approximately 242.4 hours working on behalf of the Receivership Entities, at a weighted average billing rate of $529.37 per hour, for fees totaling $128,318.85. ECF No. 437-1 at 8. In addition, Allen Matkins incurred $3,709.17 in expenses. *Id.* The firm performed a wide range of tasks assisting the Receiver during the relevant period, including assisting the Receiver with preparing submissions to this Court, analyzing and responding to motions in this action, assisting with the legal aspects of asset recovery and administration, corresponding with third-party creditors, and assisting with the sale and disposal of Receivership assets, among other tasks. *Id*. at 13-20.

Allen Matkins is a well-known firm with extensive experience in federal receiverships, and the firm's billing rates are comparable to the usual fees for similarly complex services in the community. Allen Matkins also applied an across-the-board discount of 10% to all attorney time billed to this matter. ECF No. 437-1 at 8. The detailed time records submitted indicate that the firm staffed the tasks performed appropriately and efficiently based on the expertise required. *Id.*, Ex. B. The firm's efforts have substantially benefited the Receivership Entities.

The requested amount is appropriate given the budget range for legal fees approved by this Court for the Application Period. ECF Nos. 342. As in the case of the Receiver's fee application, the Court ascribes great weight to the SEC's support for Allen Matkins's request for fees and reimbursement of expenses. ECF No. 438. Accordingly, the Court approves, on an interim basis, Allen Matkins's request for $128,318.85 in fees incurred during the Application Period, and authorizes the payment, on an interim basis, of 75% of the fees incurred, in the amount of $96,239.14. In addition, the firm's request

for reimbursement of expenses in the amount of $3,709.17 is approved as reasonable.

### III. CONCLUSION AND ORDER

Having considered the Application, and all its supporting materials, the Court finds the requested fees and expenses are appropriate under the circumstances and will reasonably, but not excessively, compensate the Receiver and Allen Matkins for their efforts.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Fees and expenses of the Receiver in the respective amounts of $175,806.50 and $1,823.90 are approved, and payment to the Receiver of 75% of his fees, or $131,854.88, and reimbursement of 100% of his expenses, or $1,823.90, is awarded on an interim basis; and

2. Fees and expenses of Allen Matkins in the respective amounts of $128,318.85 and $3,709.17, are approved, and payment to Allen Matkins of 75% of its fees, or $96,239.14, and 100% of its expenses, or $3,709.17, is awarded on an interim basis;

3. The Receiver is authorized to pay such sums out of the Receivership Entities' assets.

IT IS SO ORDERED.

Dated: **November 7, 2019**           **/s/ Lawrence J. O'Neill**
                                      UNITED STATES CHIEF DISTRICT JUDGE