1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE                   No. 1:16-cv-00344-NONE-JLT
    COMMISSION,
12                                            ORDER GRANTING MOTION OF
              Plaintiff,                       RECEIVER, DAVID P. STAPLETON, TO:
13                                            (1) APPROVE FINAL REPORT AND
         v.                                   ACCOUNTING; (2) AUTHORIZE PAYMENT
14                                            OF FINAL FEE APPLICATION OF
    BIC REAL ESTATE DEVELOPMENT               RECEIVER AND PROFESSIONALS;
15  CORPORATION and DANIEL R.                 (3) AUTHORIZE FINAL DISTRIBUTION ON
    NASE, individually and d/b/a BAKERSFIELD  ALLOWED CLAIMS; (4) AUTHORIZE
16  INVESTMENT CLUB,                          SUBMISSION OF APPROPRIATE TAX
                                              RETURNS; (5) AUTHORIZE
17            Defendants,                      ABANDONMENT OR DESTRUCTION OF
                                              RECORDS; AND (6) CLOSE RECEIVERSHIP
18  BIC SOLO 401K TRUST and MARGARITA         CASE AND DISCHARGE RECEIVER
    NASE,
19                                            (Doc. No. 446)
              Relief Defendants.
20

21

22                                    **ORDER**

23          Before the court for decision is the motion of court-appointed permanent

24  receiver, David P. Stapleton (the "Receiver"), for an Order:  (1) approving the

25  Receiver's final report and accounting; (2) authorizing payment of the final fee

26  application of the Receiver and associated professionals; (3) authorizing final

27  distribution on allowed claims; (4) authorizing submission of appropriate tax

28  returns; (5) authorizing abandonment or destruction of records; and (6) closing the

Receivership case and discharging the Receiver (the "Motion").  (Doc. No. 446.)

The Receiver provided interested parties with notice of the Motion.  (Doc. No. 449.)

Plaintiff, the Securities and Exchange Commission, has indicated its support for the

Motion.  (Doc. No. 447.)  Neither the receiver nor the court has received any

objection to the Motion.  (*See* Doc. No. 449.)  Accordingly, having considered the

Motion and all supporting materials, and good cause appearing, this court ORDERS

as follows:

1. The Receiver's Motion is granted, in its entirety;

2. The Receiver's Final Report and Accounting is accepted and approved;

3. The Final Application of Receiver and Allen Matkins Leck Gamble Mallory & Natsis LLP (Allen Matkins) for Payment of Fees and Reimbursement of Expenses is granted, and the Receiver is authorized to pay the fee and expense requests, identified therein, in the aggregate amount of $922,074.34;[1]

4. The Receiver is authorized to make a final, *pro rata* distribution on all previously allowed, non-subordinated investor and creditor claims, from any funds remaining on-hand after the payment of outstanding administrative and professional fees and expenses, and operations costs, as further described in the Motion;

---

[1] This total includes fees ($245,833.50 to the Receiver and $201,006.90 to the law firm of Allen Matkins) and expenses ($2,448.60 to the Receiver and $2,360.56 to Allen Matkins) for the period from July 1, 2018, through March 31, 2020, along with certain "holdbacks" for interim fee amounts already approved by this court for earlier periods of work (totaling $420,424.78) (*see* Doc. Nos. 248, 269, 330, 349, 379, 392, 437, 441), and anticipated "wind down" fees and expenses ($25,000 for the Receiver and $25,000 for Allen Matkins).  (*See* Doc. 446-2 at 45.)  The court has reviewed in detail the documentation provided in support of this request.  As was the case with the Receiver's interim requests of this nature, the instant request is supported by detailed time records, a discount has been applied to all time spent on this matter, the requested amount is reasonable given the budget range(s) approved by this court in the past and relative to previously approved expenditures; and the amount of time spent and hourly rates billed are reasonable in light of the overall success of the receiver and the complexity of this matter.

5.      The Receiver is authorized to submit any necessary and appropriate final tax returns for Defendant BIC Real Estate Development Corporation and its subsidiaries and affiliates including, but not limited to, WM Petroleum, Target Oil & Gas Drilling, Inc., Tier 1 Solar Power Company, Tier 1 Solar Power Company, LLC, and Home Sweet Holdings (collectively, the "Receivership Entities");

6.      The Receiver is authorized, within ninety (90) days after the entry of this Order and his completion of the wind-down tasks identified in the Motion, to abandon any documents containing non-private information obtained during his administration of the estate of the Receivership Entities, and to destroy any documents containing private information;

7.      The instant receivership shall be deemed closed, and the Receiver discharged and released from his duties and obligations in the above-referenced matter, without further order of the court, effective upon receipt of a Notice or Declaration from the Receiver reflecting the completion of the foregoing tasks; and

8.      Any funds of the Receivership Entities remaining in the Receiver's possession after the payment of all administrative and professional fees and expenses, ordinary operations costs, and the Receiver's proposed, *pro rata* final distribution on allowed, non-subordinated claims shall be remitted to the Plaintiff Securities and Exchange Commission and credited to the United States Treasury.

IT IS SO ORDERED.

Dated:   **July 6, 2020**

_____
UNITED STATES DISTRICT JUDGE